**Dwayne Bishop, Plaintiff-Appellant, v. Mark Ellsworth, Jeff Ellsworth, David Gibson, and Canton State Bank, an Illinois Banking Corporation, Defendants-Appellees.**

**Gen. No. 67–2.**

Third District.

February 2, 1968.

Frederick W. Allen, of Peoria, for appellant.

Scott & Sebo, and James Van Sickle, of Canton, for appellees.

STOUDER, P. J.

Dwayne Bishop, plaintiff, filed a complaint alleging that on July 21, 1965, defendants, Mark and Jeff Ellsworth and David Gibson, three small boys, entered his salvage yard premises at 427 Mulberry Street in Canton, without his permission, and while there happened upon a bottle partially embedded in the loose earth on top of a landfill, wherein they discovered the sum of $12,590 in United States currency. It is further alleged that said boys delivered the money to the municipal chief of police who deposited it with defendant, Canton State Bank. The complaint also alleges defendants caused preliminary notices to be given as required by Ill Rev Stats, chapter 50, subsections 27 and 28, (1965), but that such statute or compliance therewith does not affect the rights of the plaintiff. The complaint then prays that the court appoint a guardian ad litem for the minor defendants, and adjudicate "the rights of the parties hereto with respect to (the) currency hereinabove mentioned." To this complaint, an attorney on behalf of the next friends and natural guardians of the minor defendants, filed a motion to dismiss on the grounds that no cause of action is stated. The trial court, after hearing arguments, sustained this motion, and after ascertaining, at the same time, that plaintiff admitted to no claim except as theretofore set forth in the complaint, denied him leave to amend. Plaintiff has perfected this appeal from the order dismissing his complaint and denying his request for leave to amend.

It is plaintiff's contention that an owner or person in possession of land has a right of possession also to all property in, on and under it, against all but the rightful owner, and that the complaint herein, alleging that de-

fendants, as trespassers, took the money from plaintiff's private grounds, is sufficient in law to state a claim to the possession of the discovered property. It is defendant's contention that the provisions of Ill Rev Stats, chapter 50, subsections 27 and 28 govern this case. The relevant portions of this statute are as follows: "27. Lost goods . . . If any person or persons shall hereafter find any lost goods, money, bank notes, or other choses in action, of any description whatever, such person or persons shall inform the owner thereof, if known, and shall make restitution of the same, without any compensation whatever, except the same shall be voluntarily given on the part of the owner. If the owner be unknown, and if such property found is of the value of $15 or upwards, the finder . . . shall, within five days after such finding . . . appear before some judge or magistrate . . . and make affidavit of the description thereof, the time and place when and where the same was found, that no alteration has been made in the appearance thereof since the finding of the same, that the owner thereof is unknown to him and that he has not secreted, withheld or disposed of any part thereof. The judge or magistrate shall enter the value of the property found as near as he can ascertain in his estray book together with the affidavit of the finder, and shall also, within ten days after the proceedings have been entered on his estray book, transmit to the county clerk a certified copy thereof, to be by him recorded in his estray book and to file the same in his office . . . 28. Advertisement . . . If the value thereof exceeds the sum of $15, the county clerk, within 20 days after receiving the certified copy of the judge or magistrate's estray record shall cause an advertisement to be set up on the court house door, and in 3 other of the most public places in the county, and also a notice thereof to be published for 3 weeks successively in some public newspaper printed in this state and if the owner of such goods, money, bank notes, or other choses in action does not appear and claim

the same and pay the finder's charges and expenses within one year after the advertisement thereof as aforesaid, the ownership of such property shall vest in the finder."

Defendants assert that their initiation of proceedings in accord with the foregoing statute, which is admitted in the complaint, establishes the superiority of their claim, as a matter of law. Defendants also argue that the common law and majority of jurisdictions adhere to the rule which favors the finder of personal property against all others but the real owner.

■■ We think it apparent that the statute to which defendants make reference provides a means of vesting title to lost property in the finder where the prescribed search for the owner proves fruitless. This statute does not purport to provide for the disposition of property deemed mislaid or abandoned nor does it purport to describe or determine the right to possession against any party other than the true owner. The plain meaning of this statute does not support plaintiff's position that common law is wholly abrogated thereby. The provisions of the statute are designed to provide a procedure whereby the discoverer of "lost" property may be vested with the ownership of said property even as against the true owner thereof, a right which theretofore did not exist at common law. In the absence of any language in the statute from which the contrary can be inferred it must be assumed that the term "lost" was used in its generally accepted legal sense and no extention of the term was intended. Thus the right to possession of discovered property still depends upon the relative rights of the discoverer and the owner of the locus in quo and the distinctions which exist between property which is abandoned, mislaid, lost or is treasure trove. The statute assumes that the discoverer is in the rightful possession of lost property and proceedings under such statute is not a bar where the issue is a claim to the contrary.

There is a presumption that the owner or occupant of land or premises has custody of property found on it or actually imbedded in the land. CJS, Finding Lost Property, section 8, subsection a(2c) and section 22, page 20, 1 Am Jur2d, Abandoned, Lost, Etc., Property. The ownership or possession of the locus in quo is related to the right to possession of property discovered thereon or imbedded therein in two respects. First, if the premises on which the property is discovered are private it is deemed that the property discovered thereon is and always has been in the constructive possession of the owner of said premises and in a legal sense the property can be neither mislaid nor lost. Pyle v. Springfield Marine Bank, 330 Ill App 1, 70 NE2d 257. Second, the question of whether the property is mislaid or lost in a legal sense depends upon the intent of the true owner. The ownership or possession of the premises is an important factor in determining such intent. If the property be determined to be mislaid, the owner of the premises is entitled to the possession thereof against the discoverer. It would also appear that if the discoverer is a trespasser such trespasser can have no claim to possession of such property even if it might otherwise be considered lost. CJS, section 5 (c 1 & 2), Niederlehner v. Weatherly, 73 Ohio App 33, 54 NE2d 312.

A motion to dismiss admits all facts well pleaded as well as all reasonable inferences therefrom favorable to the plaintiff. A complaint is not required to set forth the facts in evidentiary terms. Much of defendants' argument concerning the insufficiency of the complaint relates to what can or cannot be supported by evidence. The facts as alleged in substance are that the Plaintiff was the owner and in possession of real estate, that the money was discovered in a private area of said premises in a bottle partially imbedded in the soil and that such property was removed from the premises by the

finders without any right or authority and in effect as trespassers. We believe the averment of facts in the complaint substantially informs the defendants of the nature of and basis for the claim and is sufficient to state a cause of action.

The judgment of the Circuit Court of Fulton County is reversed and the cause is remanded with directions to proceed in accordance with this opinion.

Judgment reversed and remanded with directions.

ALLOY, P. J. and CULBERTSON, J., concur.