Virginia M. Johnson, Plaintiff-Appellant, v. North American Life and Casualty Company, Bruce C. Johnson, Beverly M. Johnson, June M. Johnson, Guardian of the Estates of Bruce C. Johnson and Beverly M. Johnson, Minors, Defendants-Appellees.

Gen. No. 68–25.

Fifth District.

October 11, 1968.

D. E. Furnall, Craig and Craig, of Mt. Vernon, for appellant.

Elmer Jenkins and Robert S. Hill, of Benton, for appellees.

MORAN, J.

Plaintiff appeals from an order of the Circuit Court of Franklin County dismissing her complaint for failure to state a cause of action in a cause initiated in chancery against the beneficiaries named in a life insurance policy by plaintiff's deceased husband and against the insurer, to establish the equitable interest of the plaintiff in the proceeds of the policy.

In substance, the complaint alleges that the plaintiff and Richard M. Johnson were married on December 3, 1963, and continued to live together as husband and wife until Dr. Johnson's death on June 10, 1967. On or about December 20, 1963, Johnson named plaintiff beneficiary of an insurance policy on his life bearing No. L782342 issued by defendant, North American Life and Casualty

Company and informed plaintiff of his designation of her as beneficiary.

In January of 1964, Johnson and the plaintiff opened a joint bank account for use in handling household expenses. A project to remodel the Johnsons' residence was commenced in March, 1964, and plaintiff "with the acquiescence of Richard M. Johnson and the knowledge both on the part of Richard M. Johnson and plaintiff that plaintiff was beneficiary on said policy of insurance, and would thereby be adequately protected," deposited her separate funds in the joint account from time to time and her total deposits exceeded $30,000.

In December of 1964, the plaintiff adopted the two minor children of the insured and the insured adopted plaintiff's two minor children.

Johnson had become ill in November of 1964 and his health progressively deteriorated until he died in June of 1967. During this period, plaintiff maintained the home, traveled with Dr. Johnson in search of medical treatment, and learned to operate a "kidney machine" and used it for the treatment of her husband, which required six hours of continuous attention twice a week for more than a year.

Prior to January 4, 1966, Johnson had from time to time borrowed sums from the Bank of Benton at Benton, Illinois, on his personal signature, but on January 4, 1966, when he applied for the loan of additional sums to defray forthcoming expenses, the officers of the bank requested that his note be secured by a mortgage on his home and that plaintiff join in the execution of the note. Plaintiff signed both the mortgage and the note and thereby became personally liable for $31,300.

"On January 3, 1966, the day preceding the date plaintiff executed the note . . . , Richard M. Johnson requested a 'Change of Beneficiary' again naming plaintiff as the beneficiary of the insurance policy . . . and in-

215

formed plaintiff that he had executed this instrument." The insurance policy has been in plaintiff's possession since on or about January 1, 1966.

The insured, in December, 1966, changed the beneficiary under the insurance policy to his minor natural children, Bruce C. Johnson and Beverly M. Johnson, without plaintiff's knowledge or consent. Also at that time, "the only assets of Richard M. Johnson consisted of the real estate . . . which was subject to a mortgage in favor of the Bank of Benton to secure the indebtedness of $31,300.00, his office equipment and his automobile, and at that time he knew that he would have continuing and heavy expenses for treatment of his illness with limited income available to him to defray such expenses, and at the time of death of said Richard M. Johnson his total indebtedness exceeded his assets and he was insolvent."

The complaint concludes with a prayer that the court decree that plaintiff is equitably entitled to the proceeds of the insurance policy. The policy in question, attached to the complaint by amendment contains a provision giving the insured the right to change beneficiaries successively.

Plaintiff-Appellant contends that the complaint shows the existence of a contract, express or implied, which obligated the insured to leave plaintiff as beneficiary and she thereby became vested with an equitable interest in the policy.

■ ■ There is little doubt that equities may arise in favor of the beneficiary named in a life insurance policy which will deny the insured the right to change the beneficiary even though such right is reserved to the insured, as, for example, where the insured, for a valuable consideration, estops himself from changing his designation of the beneficiary. 29A Am Jur, § 1676. "The rule in this state is, that while the assured may, in the absence of intervening equities, change at will the beneficiary

216

named in his insurance policy, equitable rights may be acquired in a beneficiary certificate of insurance which a court of equity will recognize and enforce." Columbian Circle v. Mudra, 298 Ill 599, 601, 132 NE 213. In the Mudra case, supra, the Supreme Court affirmed the chancellor's determination that the insured was estopped from removing the plaintiff as beneficiary under a life insurance policy without plaintiff's consent where the evidence disclosed that the insured delivered the insurance policy to the plaintiff and, at his request, plaintiff paid the premiums thereafter.

Numerous other cases have recognized equitable relief where an agreement can be proven between the insured and the designated beneficiary whereby for a valuable consideration the beneficiary acquires a vested equitable interest in the insurance proceeds. Kiolbassa v. Polish Roman Catholic Union of America, 141 Ill App 297; Gillham v. Estes, 158 Ill App 211; Supreme Council of Royal Arcanum v. McKnight, 238 Ill 349, 87 NE 299.

■■ The question here, however, is whether plaintiff has pleaded sufficient allegations to invoke equitable relief under the accepted theories of recovery. "A motion to dismiss admits all facts well pleaded as well as all reasonable inferences therefrom favorable to the plaintiff." Bishop v. Ellsworth, 91 Ill App2d 386, 234 NE2d 49, 52. If, on the basis of the alleged facts and all reasonable inferences drawn therefrom, standing alone and uncontested, there exists any possibility of recovery, the order of dismissal must be vacated. Palier v. New City Iron Works, 81 Ill App2d 1, 225 NE2d 67; Federal Savings & Loan Ins. Corp. v. Quinn, 81 Ill App2d 299, 225 NE2d 693.

■■ Having brought this action in equity, plaintiff's complaint must show that no adequate remedy at law exists. ILP, Vol 7, Chancery, § 176; Burr v. State Bank of St. Charles, 344 Ill App 332, 100 NE2d 773. Contrary to defendants' contentions, we believe that the complaint

does show the absence of an adequate legal remedy. The object of plaintiff's complaint, as recited in her prayer for relief, is not to obtain a mere money decree, but to reach a particular fund, namely, insurance proceeds, in which plaintiff alleges she has a vested interest. Under these circumstances courts of chancery have jurisdiction since the plaintiff is effectively requesting enforcement of a trust in her favor, not unlike those cases where equity has intervened to enforce alleged equitable assignments of particular funds. See Smith v. Bates Mach. Co., 182 Ill 166, 55 NE 69; Phillips v. Edsall, 127 Ill 535, 20 NE 801.

Furthermore, while defendants suggest that plaintiff may have a legal remedy directly against her deceased husband's estate, the fact that a remedy at law is available does not oust an equity court of jurisdiction. The question to be determined is whether the remedy at law compares favorably with the remedy afforded by the equity court. Plaintiff alleges that at his death, Richard M. Johnson was insolvent. Taking this allegation as true, it is a reasonable inference that any judgment at law procured by plaintiff against her husband's estate would not be efficacious. Such a consideration is significant in exercising equitable jurisdiction. 27 Am Jur2d, Equity, § 98; Lyman v. Suburban R. Co., 190 Ill 320, 60 NE 515.

Defendants point out that nowhere in plaintiff's complaint is there a specific and express allegation of offer and acceptance pursuant to an agreement with respect to moneys advanced or services rendered by plaintiff to her husband. They observe that any services rendered by one family member to another are presumed by the law to be gratuitous as well as any advances made by a wife to her husband, of her separate funds. People v. Porter, 287 Ill 401, 123 NE 59; Spalding v. Spalding, 361 Ill 387, 198 NE 136.

While these contentions are true, it is also quite true that since a wife holds her property separate

and apart from that of her husband, she is free to contract or dispose of her property and services as she sees fit. It cannot be doubted that the moneys allegedly advanced and services rendered by plaintiff could provide the valuable consideration for an implied promise by the insured to retain plaintiff as the exclusive beneficiary under the insurance policy in question. Though no express allegation of offer and acceptance is made in plaintiff's complaint, such inference is reasonable when the complaint is read as a whole and particular attention is given to the transactions of January 3 and 4, 1966. Plaintiff alleges that on January 3, 1966, the insured requested a change of beneficiary and again named plaintiff as recipient of the policy proceeds. The very next day plaintiff allegedly complied with her husband's request that she sign a promissory note to the Bank of Benton thereby obligating herself for the payment of a substantial sum.

Further, the very fact alleged by plaintiff that she had possession of the insurance policy since January 1, 1966, raises the question whether a delivery was made. Since such an inference is reasonable under the circumstances alleged in the complaint, additional force is added to plaintiff's theory of recovery.

 Pleadings should be designed to advise the court and the adverse party of the issues and what is relied upon as the cause of action, so that the court may declare the law and the adverse party may be prepared on trial to meet the issues. Hyland v. Waite, 349 Ill App 213, 110 NE2d 457. The pleader need not state the legal conclusion to be drawn from the facts, where specific facts are set out in a pleading, "as the law would infer them from the direct statement of facts." Leitch v. Sanitary Dist. of Chicago, 369 Ill 469, 473, 17 NE2d 34. While the instant complaint may initially appear confusing because of the absence of express statements charging the inadequacy of available legal remedy and the

219

existence of contractual offer and acceptance, yet facts are alleged from which these conclusions may be inferred.

██ ██ Under the alleged facts, while plaintiff has not established his claim with certainty, it is possible that evidence could be introduced upon which the trier of fact could conclude that plaintiff is entitled to recovery. It is sufficient that the complaint set forth facts establishing the mere possibility of recovery. Palier v. New City Iron Works, supra. The collective force of the allegations in the present complaint suggests that an implied in fact agreement may have existed between plaintiff and Richard M. Johnson whereby for a valuable consideration, the insured promised not to remove plaintiff as beneficiary under his life insurance policy, that plaintiff thereby acquired a vested equitable interest in the policy proceeds, and that the purported change of beneficiary in December, 1966, was a fraud on plaintiff's equitable rights.

For the foregoing reasons the order of dismissal of plaintiff's complaint for failure to state a cause of action is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

EBERSPACHER and GOLDENHERSH, JJ., concur.