*In re* ESTATE OF EARL C. DALTON, Deceased—(DONALD E. DALTON *et al.*, Petitioners-Appellants, *v.* BESSIE HOLT SHAFFNER *et al.*, as Conservators of the Estate of Rose R. Dalton, Respondents-Appellees.)

(No. 73-143; )

Third District—November 30, 1973.

*Rehearing denied January 16, 1974.*

SCOTT, J., dissenting.

Robert C. Stoerzbach and Richard J. Neagle, both of Galesburg, for appellants.

Donald C. Woolsey, State's Attorney, of Galesburg, and Robert H. Miller, of Peoria, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Knox County by Donald Dalton and other heirs, devisees and legatees under

the will of Earl Dalton, deceased, whereby their petition to strike a renunciation of the will was dismissed.

Earl Dalton died testate March 5, 1971, survived by his wife, Rose Dalton. His will was admitted to probate in Knox County and letters testamentary issued to the Bank of Galesburg. Certain property held in joint tenancy passed to his surviving wife and in addition, under the terms of the will, the executor was to use income from the estate for the wife's care and comfort during her lifetime.

Rose Dalton, the decedent's surviving spouse, was 93 years of age, bedridden and lived in a nursing home. In May, 1971, Bessie Shaffner and Veda Gray, children of Rose Dalton by a prior marriage, were appointed conservators of the estate of Rose Dalton, incompetent. Also in May, 1971, pursuant to conservators' petition, the court in the matter of the estate of Rose Dalton, incompetent, authorized and directed the conservators to file a renunciation of the last will and testament of Earl Dalton, deceased, in behalf of the incompetent. Thereafter the conservators filed a renunciation in the Earl Dalton estate proceeding and on the same day copies of the petition, order and renunciation were mailed to the attorney handling the estate of the decedent. The attorney for the estate notified appellants of the matter in October, 1971. On October 30, 1971, appellants filed a petition which is the source of this litigation in the Earl Dalton estate proceeding, whereby they sought to have the renunciation stricken. The petition stated the renunciation was not for the benefit of the incompetent and therefore the order of authorization and the renunciation were improvidently entered and filed. The petition included numerous factual allegations which petitioners claim support their conclusion that renunciation was not in the best interest for the incompetent widow. In January, 1973, the conservators moved to dismiss the petition stating the following grounds therefore: The order against which the petition was directed was entered in another cause, the conservatorship proceeding; there was no requirement to give appellants notice of the conservatorship proceeding which authorized the renunciation; the conservatorship order was a final order and cannot be collaterally attacked in this proceeding. The court entered a judgment dismissing the appellants' petition to strike the renunciation and it is from this judgment the present appeal is taken.

Appellants' main argument on this appeal is they are not bound by the order in the conservatorship proceeding since it was an *ex parte* proceeding of which they had no prior notice. They were, therefore, unable to contest the merits of the matter regarding whether a renunciation was for the benefit of Rose Dalton, relying on *Kinnett v. Hood*, 25 Ill.2d 600, 185 N.E.2d 888. It is the contention of the conservators, appellees, that a

collateral attack cannot be made since the order entered in the conservatorship proceeding was a final order and there is no claim that the court lacked jurisdiction or that there was fraud in the procurement of the judgment. We agree.

██ Appellants' petition to strike the renunciation plainly indicates that the basis for their objection is the order in the conservatorship proceeding where the court hearing the facts made a finding and determination that renunciation of the will would be for the best interest of the incompetent widow. When a surviving spouse is incompetent, the probate court, which exercises equitable jurisdiction over property of an incompetent, may authorize the conservator to renounce a will if renunciation is found to be for the benefit of such surviving spouse. (*Davis v. Mather*, 309 Ill. 284, 141 N.E. 209, *In re Estate of Reighard*, 402 Ill. 364, 84 N.E.2d 345.) In reference to appellants' claim that they are not bound by the *ex parte* proceeding where no notice was given to them, no case has been cited by either party which involved the procedural question in the present case. Although the court in the case of *In re Estate of Reighard* said the usual procedure was an *ex parte* application by the conservator of an incompetent requesting an order directing him to renounce the will, in that case notice was given to the attorney of the decedent's estate prior to the hearing in the conservatorship proceeding. Appellee cites the following passage as authority from *James, Probate Law and Practice*, Vol. 1, sec. 16.4:

> "An ex parte proceeding by an incompetent's conservator for probate court order directing renunciation is proper, when filed under court's authority, and all persons interested in the will need not be made parties to the proceeding."

The only authority for the foregoing statement is the *Reighard* case and as indicated earlier in this opinion, the executor's attorney was given prior notice of the hearing and the propriety of the renunciation was contested in an adversarial type proceeding. However, no claim is made and indeed we are unaware of any statute or case which might support such claim, if made, that notice to appellants is required in order to confer jurisdiction upon the court in the conservatorship proceeding.

██ An order in a probate proceeding is final like any other judgment, and it is entitled to the attributes of finality accorded other final judgments. (*In re Estate of Stith*, 105 Ill.App.2d 429, 244 N.E.2d 834.) While we note appellants' claim of absence of notice until five months after the order was entered, they made no attempt to obtain relief from the order by direct intervention in the conservatorship proceeding. Their only action was this collateral proceeding, in which they ask the court to listen to their arguments on whether renunciation was in the best in-

terest of the incompetent. This question was determined by the order entered in the conservatorship proceeding and the findings upon which that order was based cannot now be impeached in this proceeding. Since the court had jurisdiction of the subject matter and of the person, the judgment is binding, conclusive and not subject to collateral attack whether erroneous or not. *Walton v. Albers*, 380 Ill. 423, 44 N.E.2d 145.

Accordingly, the judgment of the Circuit Court of Knox County is affirmed.

Judgment affirmed.

DIXON, J., concurs.

Mr. JUSTICE SCOTT dissenting:

I cannot agree with the majority opinion in this case. I do not question the holding in the case of *In re Estate of Reighard*, 402 Ill. 364, 84 N.E.2d 345, wherein our Supreme Court stated that in an *ex parte* proceeding by incompetent conservator for probate court order directing petitioner to renounce ward's deceased husband's will on ward's behalf is proper when filed under court's authority, and all persons interested in will need not be made parties to proceeding. However, in *Reighard* it should be noted that both the executor of the estate and a devisee. under the will of the deceased with their counsel did in fact participate in the hearing on the conservator's petition to renounce the deceased's will on the ward's behalf. In *Reighard* we find a situation where a hearing was in fact held and the executor, trustee and certain beneficiaries under the will were permitted to introduce testimony in their behalf. In *Reighard* the court also made the observation that:

> "No motion was made by the appellants asking the court to make other person parties, *and the only question for the court to determine was as to what course should be taken in the best interests of the widow.*" (Emphasis supplied.) 402 Ill. at 369.

In the instant case there wasn't any person made an adverse party to the proceedings to renounce the will. It is true that *Reighard* states that it isn't necessary to make all persons interested in the will parties to such a proceedings, but I question if *Reighard* stands for the proposition that you can proceed without any adverse party and especially so in view of their language that the paramount question is what is for the best interests of the widow.

The petitioners-appellants in their petition to strike the renunciation of the will state that the renunciation was not for the benefit of the incompetent. The law is well settled in Illinois that a motion to dismiss a petition admits all facts well pleaded in the petition as well as

reasonable inferences therefrom favorable to the petitioners. See *Johnson v. North American Life and Casualty Co.*, 100 Ill.App.2d 212, 241 N.E.2d 332; *Bishop v. Ellsworth*, 91 Ill.App.2d 386, 234 N.E.2d 49.

The petitioners-appellants allege that from the will of the decedent the incompetent widow was to receive the income from real estate valued for federal estate tax purposes in the sum of $207,735.00. The will provided that from said income the executor "pay all necessary expenses for my said, wife, including her hospital bills, nursing home expenses, doctor bills, and everything she may require for her care and comfort so long as she shall live." It was further provided that all Illinois inheritance taxes and the federal estate tax was to be paid from the residuary estate. The incompetent widow further received from the testator joint tenancy property having a value of $13,400. Based upon these allegations there appears to me to be a genuine question present as to whether or not the renunciation of the will was for the best interests of the incompetent widow or was it for the best interests of her children from a previous marriage.

We also should not be unmindful of those Illinois cases which hold that in cases involving a renunciation, the court should not be unmindful of the deceased spouse's desires and that the interest of the heirs of the surviving incompetent spouse should not be considered. See *Kinnett v. Hood*, 25 Ill.2d 600, 185 N.E.2d 888; *Rock Island Bank and Trust Co. v. First National Bank*, 26 Ill.2d 47, 185 N.E.2d 890.

There is also injected into this case the matter of a collateral attack since the order permitting the renunciation was entered in the conservatorship proceedings while the petition to strike the renunciation was filed in the decedent's estate proceedings. I fail to see where the petitioners-appellants had any standing to intervene in the conservatorship proceedings unless made adverse parties, which they were not. They attacked the actual renunciation which was filed in the estate proceedings and I know of no other procedure which they could have utilized.

For the reasons set forth I am compelled to dissent from the majority opinion. I believe that this cause should be remanded to the circuit court of Knox County for further proceedings on the petition to strike the renunciation of the will.