EDNA COOK, Plaintiff-Appellant, *v.* JOSEPH L. ASKEW II, Defendant-Appellee.

(No. 60566;

First District (4th Division)—December 10, 1975.

---

[4] The Illinois Supreme Court allowed a petition for leave to appeal in September, 1975.

1056

Mark Pettit, Jr., Gary H. Palm, and Robert H. Smith, all of Mandel Legal Aid Clinic, of Chicago, and Bruce R. Maughan and Mark C. Zaander, Law Students, for appellant.

James J. Doherty, Public Defender, of Chicago (Ronald P. Alwin and Dale W. Broeder, Assistant Public Defenders, of counsel), for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The plaintiff, Edna Cook, commenced this action against the defendant, Joseph L. Askew II, to establish paternity and to obtain support for her two children born out of wedlock under the Illinois Paternity Act (Ill. Rev. Stat. 1973, ch. 106¾, par. 51 *et seq.*). The trial court sustained the defendant's motion to dismiss the complaint on the basis that the suit was not brought within the two-year period provided in section 4 of the Act. (Ill. Rev. Stat. 1973, ch. 106¾, par. 54). On appeal, the plaintiff contends that section 4 is unconstitutional in light of the equal protection and due process clauses of both the United States and Illinois Constitutions since it denies a right of support for the children on the respective bases of (1) their status of illegitimacy and (2) their mother's delay in commencing paternity proceedings.

A review of the record reveals that on September 19, 1973, the plaintiff filed a complaint which alleged that she and the defendant lived together continuously, as husband and wife, from December, 1965, to March, 1972. Although they were never married during this time, the defendant held himself out to be her husband and maintained and supported her as his wife. Moreover, the parties had two children, to whom the defendant acknowledged and all official records, ranging from birth certificates to school records, indicated that he was their natural father. The complaint further noted that the defendant maintained and supported the children from birth until March, 1972, when he left them. Since his departure, numerous demands for support have been made by the plaintiff, but he refused all of these requests. After hearing the arguments of counsel for each party, the trial court, on April 5, 1974, granted the defendant's motion and dismissed this paternity action for the plaintiff's failure to commence it within two years of the birth of the children

as required under section 4 of the Paternity Act (Ill. Rev. Stat. 1973, ch. 106¾, par. 54).

In light of the briefs submitted and oral arguments presented, both parties urge that disposition of this action is contingent upon whether or not section 4 of the Illinois Paternity Act is constitutional. However, in view of our decision to reverse the judgment on the merits, we deem it unnecessary to consider that issue.

■■ Section 4 of the Illinois Paternity Act provides in relevant part:
"A proceeding to establish the paternity of a child born out of wedlock and to establish and enforce liability for its support, maintenance and education and welfare shall be instituted * * * only on the filing of a complaint in writing (a) by the mother of a child born out of wedlock * * *. * * * No such action may be brought after the expiration of 2 years from the birth of the child. However, where the person accused has acknowledged the paternity of the child by a written statement made under oath *or affirmation* or has acknowledged the paternity of such child in open court, prosecution may be brought at any time within 2 years from the last time such acknowledgement was made or within 2 years from the last time the person accused contributed to the support, maintenance, education and welfare of the child subsequent to such acknowledgement. * * *" (Ill. Rev. Stat. 1973, ch. 106¾, par. 54.) (Emphasis added.)

While the trial court apparently dismissed this paternity action because it was not brought within two years of the birth of the children, we believe that this case falls within one of the two exceptions or tolling provisions enunciated in the statute, namely, that the defendant by affirmation publicly acknowledged paternity of the minor children. It is well settled in Illinois that in determining whether a motion to dismiss was properly allowed, allegations of fact contained in the complaint must be taken as true (*Edgar County Bank & Trust Co. v. Paris Hospital, Inc.,* 57 Ill.2d 298, 305, 312 N.E.2d 259, 262; *Kuch & Watson, Inc. v. Woodman,* 29 Ill.App.3d 638, 641, 331 N.E.2d 350, 353), and all reasonable inferences therefrom should be construed in the plaintiff's favor. (See, *e.g., Johnson v. North American Life & Casualty Co.,* 100 Ill.App.2d 212, 217, 241 N.E.2d 332, 335; *Bishop v. Ellsworth,* 91 Ill.App.2d 386, 391, 234 N.E.2d 49, 52.) Applying this legal precept to the instant case, when the defendant moved to dismiss this cause of action, he admitted all facts well pled and thereby affirmed that (1) he is the natural father of the parties' two children, (2) all official public records pertaining to the

children indicate that he is their father, and (3) for approximately 6½ years, he has lived with, supported, and maintained the children as his own. This affirmation extended the time in which the plaintiff could commence a paternity action to "within two years from the last time the person accused contributed to the support, maintenance, education and welfare of the child[ren] subsequent to such acknowledgement." (Ill. Rev. Stat. 1973, ch. 106¾, par. 54.) Since the defendant discontinued his voluntary support of the children in March, 1972, this action, which was commenced on September 19, 1973, did fall within this statutory exception and therefore the complaint should not have been dismissed.

■■ Even assuming, arguendo, that this statutory exception was not applicable, the defendant's motion to dismiss should not have been granted. While the statute of limitations has been regarded as a personal defense which is available only to the person for whose benefit the statute inures or to his surrogate (*Conley v. Rust*, 12 Ill.App.3d 26, 29, 297 N.E.2d 397, 400), an individual may be estopped from invoking this personal privilege by virtue of his own conduct. (*Arthur L. Larsen Co. v. Shefner*, 27 Ill.App.3d 562, 563, 327 N.E.2d 257, 258; *Sabath v. Morris Handler Co.*, 102 Ill.App.2d 218, 223, 243 N.E.2d 723, 726.) Where a party's conduct has reasonably induced another to follow a course of action that otherwise would not have been followed and which would be to the latter's detriment if he could not later contest such course of action, an estoppel will arise to prevent injustice or fraud. See *Allstate Insurance Co. v. Horn*, 24 Ill.App.3d 583, 588-89, 321 N.E.2d 285, 289; *Sabath v. Morris Handler Co.*

■■ In light of these judicial tenents, we believe that the defendant's conduct in the case at bar estopped him from raising the statute of limitations as an affirmative defense. As mentioned in the complaint, the plaintiff relied upon the defendant's support and maintenance of the parties' children from December, 1965, to March, 1972, and this was the reason for her delay in commencing an action for support within the time period required by section 4 of the Paternity Act. These assertions, which, as noted earlier, must be taken as true for purposes of a motion to dismiss, do evince that the defendant reasonably induced both the plaintiff and the parties' two children that he would support and maintain them. Moreover, to invoke the statute of limitations contained in section 4 and sustain the defendant's motion to dismiss would open a "Pandora's Box" in paternity actions analagous to the instant case since all an individual would have to do to preclude such actions would be to live with the family for two years from the birth of the parties' child or children and then depart elsewhere. This would work an injustice upon both the other individual involved as well as the offspring.

For the foregoing reasons, the order dismissing the complaint is reversed and the cause is remanded to the trial court for further proceedings.

Reversed and remanded.

DIERINGER, P. J., and ADESKO, J., concur.