SHIRLEY M. CRAVENS, Plaintiff-Appellant, *v.* RICHARD A. BISHOP, Defendant-Appellee.

Third District   No. 75-290

Opinion filed January 7, 1977.

William E. Stewart, of Kewanee, for appellant.

Pierson & Maloney, of Princeton (Matthew Maloney, of counsel), for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Shirley Cravens, brought this action in the circuit court of Stark County against Richard Bishop, defendant, seeking to recover damages for breach of an oral agreement. After a bench trial the court found the issues in favor of the defendant and this appeal follows.

As disclosed by the pleadings and evidence, some of the facts are undisputed. The plaintiff and her husband entered into an agreement for warranty deed with the defendant on July 24, 1972. By the terms of the agreement the defendant agreed to sell to the plaintiff certain property in Henry County for the total price of $25,000. Pursuant to the agreement the plaintiff paid $5,000 to the defendant as the down payment. Thereafter on December 1, 1973, the plaintiff made a further payment as required by the contract in the amount of $1,653 as principal and interest. In June 1974 the plaintiff was current with respect to contract payments, the next payment of principal and interest not being due until December 1, 1974.

On June 12, 1974, plaintiff and her husband executed and delivered a deed conveying their interests in the property to the defendant. On June 24, 1974, the defendant conveyed the premises to a third party, James Porter, receiving $30,000 from the sale to Porter. None of the proceeds of this sale was ever paid to plaintiff. At the time of the conveyance on June 12, 1974, there was approximately $19,000 due on the agreement for warranty deed.

This dispute arises out of the circumstances surrounding the conveyance of the property to defendant and his subsequent sale of the property to Porter. The defendant denied there was any such agreement such as described by the plaintiff with respect to the proceeds of the sale to Porter. The trial court found the issues in favor of the defendant and the plaintiff on this appeal relies primarily on two assignments of error. First, she claims the decision is contrary to the evidence and second, she argues the trial court erred in applying the Statute of Frauds as a bar to recovery.

With respect to the first issue it is plaintiff's claim as set forth in her complaint that the conveyance of June 12, 1974, to the defendant, her father, was pursuant to an oral agreement between the parties and that such oral agreement provided that she would receive the difference between the selling price of the property to the third person and the amount which she owed on the agreement for warranty deed. As noted above the execution of the agreement for warranty deed and the execution and delivery of the quitclaim deed are undisputed.

The trial court in its order found that no oral contract existed between the parties and it is this finding which plaintiff contends is erroneous. We agree.

■■ The principal issue between the parties was not whether an oral agreement existed but rather what were the terms of the oral agreement. Even the defendant contends an oral agreement existed suggesting that the agreement provided merely that the conveyance to him was in release and satisfaction of the agreement for warranty deed. On the other hand, the testimony of the plaintiff indicated that the sale to a third party had been discussed prior to the transfer and that in fact the conveyance was made at the time with some regard for her marital problems and potential ensuing consequences. Both the attorney who prepared the deed and the plaintiff's husband offered testimony tending to corroborate the testimony that the form of the transaction would permit the plaintiff to receive the excess over the amount due on the contract, thereby avoiding any consequences resulting from her marital problems. Both parties concede the transfer was not a gift and consequently the only issue was the terms of the oral agreement. Accordingly, we believe the court's decision that no oral agreement existed is contrary to the evidence and a new trial is required.

Even though what we have heretofore said disposes of the principal issue presented on this appeal we believe it appropriate to discuss the issue relating to the Statute of Frauds since it may have contributed to some misunderstanding of or confusion in the resolution of the factual issues. In his first pleading the defendant moved to dismiss the complaint, alleging plaintiff's cause of action was barred by the Statute of Frauds. This motion to dismiss was denied. Thereafter defendant filed his answer without setting up the Statute of Frauds as an affirmative defense. Nevertheless, from defendant's answer and the arguments made as the trial progressed, the defendant not only concedes but insists in his brief that the Statute of Frauds issue permeated the trial and the trial court properly held that the Statute of Frauds was applicable. The plaintiff also insists the trial court applied the Statute of Frauds to bar her recovery but did so improperly because the oral contract which she sought to enforce had been completely performed.

In its written memorandum the trial court found the agreement " * * * could have, and should have, been incorporated into a written agreement * * *." Again a few sentences later in the memorandum the court makes references indicating its belief in the applicability of the Statute of Frauds.

■■ We agree with plaintiff that the Statute of Frauds is not applicable. Since the defendant concedes the trial court did resolve the issues taking into account the Statute of Frauds, albeit properly according to the defendant, we believe the trial court erred.

■■ That the Statute of Frauds may operate to bar the enforcement of an oral agreement has no bearing on the issue of whether or not an oral agreement exists. Whether an oral agreement has been proved is independent of and unrelated to its enforceability. If an oral agreement respecting the conveyance of real estate has been proved, the Statute of Frauds will bar enforcement of such oral agreement unless it comes within one of the recognized exceptions. Performance by the party seeking to enforce the oral agreement is a well-recognized exception. (*Anson v. Haywood,* 397 Ill. 370, 74 N.E.2d 489.) So far as the instant case is concerned the plaintiff in her complaint and by her evidence sought to establish the breach of an oral agreement which she had completely performed. If these facts were established there was no requirement that the agreement be in writing in order to avoid the application of the Statute of Frauds.

Plaintiff also contends that she is entitled to recover under an unjust enrichment theory (quantum meruit), although that issue was not before the trial court until plaintiff sought unsuccessfully to amend her pleadings after judgment had been entered. (See *Nardi & Co., Inc. v. Allabastro,* 20 Ill. App. 3d 323, 314 N.E.2d 367.) Since we are remanding for a new trial, plaintiff will have an opportunity to amend her complaint before retrial, and she can then place this issue before the trial court in a timely manner.

For the foregoing reasons the judgment of the circuit court of Henry County is reversed and this cause is remanded to said court with directions that plaintiff be granted a new trial.

Reversed and remanded with directions.

ALLOY, P. J., and STENGEL, J., concur.