REMY O. VALDEZ, Plaintiff-Appellant, v. GEORGE T. VALDEZ, Defendant-Appellee.

First District (3rd Division)   No. 77-727

Opinion filed February 1, 1978.

Mark A. Yohanna, of Maupin, Yohanna & Deppe, and Andrew B. Spiegel, both of Chicago, for appellant.

Simon and McClosky, Ltd., of Chicago (Robert B. Simon, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

This appeal arises out of a dispute over the disposition of jointly held property following an uncontested divorce. The divorce decree had incorporated a property settlement agreement which postponed a disposition of the property until a future date. The plaintiff was granted a divorce on February 5, 1974, on the grounds of mental cruelty. The parties were not able to agree on a settlement and, on May 2, 1975, plaintiffs filed a petition to define and modify the decree by settling the respective property rights of the parties. After conducting hearings, the

trial judge, on January 4, 1977, determined their respective rights to the real property they had acquired during their marriage. Plaintiff appeals that finding, arguing as the sole issue that the trial court abused its discretion in the distribution of the property.

The parties were married in the Philippines in 1948 and came to Chicago the same year. The children born of the marriage were adults at the time of these proceedings.

Plaintiff, 47 years old, testified that she began working in 1955 and had worked continually since then. She earns approximately $10,000 per year. During their marriage the parties at various times owned five buildings and plaintiff took an active role in managing and maintaining the properties. She developed an expertise in real estate. Defendant's work as an attendant with the Pullman Company required him to travel a great deal. At the time of the entry of the divorce decree, the parties owned the following property jointly: a six-apartment building at 1015-17 School Street in Chicago purchased for $49,000 in 1963; a purchase money mortgage in the original amount of $22,000 on property located at 3436-38 West Cornelia in Chicago; and two parcels of unimproved land in the Philippines, each valued at $3,000. The parties between themselves had agreed that the plaintiff would keep the profits from the Cornelia property and that defendant would keep the profits from the School Street property. Additionally, the plaintiff herself owned an eight-apartment building at 1215-17 West Rosedale in Chicago.

After the entry of the divorce decree, the plaintiff executed a quit claim deed to the School Street property to the defendant. She testified that the only reason she signed the deed was to help defendant convince immigration authorities that he had sufficient financial support to care for his second wife. Plaintiff stated that defendant informed her that his second wife was having difficulty obtaining a visa to come from the Philippines. Plaintiff understood the import of the quit claim deed.

The defendant, 67 years old, testified that he had retired from the Pullman Company in 1974 after 40 years employment. He received a pension of $545 per month plus $90 in social security. The School Street property was in dire need of repair and he received no monthly earnings or as little as $20 per month profit from the building. Defendant's health was bad; he had arthritis, high blood pressure, and suffered a hearing loss.

Regarding plaintiff's execution of the quit claim deed to the School Street property to him, defendant testified that in September 1974 plaintiff came to him wanting money. Defendant gave her $5000 and also forgave a $1,000 obligation. In return plaintiff voluntarily executed the deed to the property to him.

After hearing the testimony and argument by counsel, the trial court

entered an order determining the respective property rights of the parties. The court awarded plaintiff the purchase money mortgage in the Cornelia property, valued at $15,000. The court also awarded plaintiff one of the parcels in the Philippines. The court awarded defendant the School Street property and the other vacant lot in the Philippines.

Plaintiff's sole contention on appeal is that the trial court abused its discretion in the foregoing adjudication of property rights. She argues that "special equities" mandate that she is entitled to an equitable adjustment of property rights.

■■ The concept of "special equities" arises from section 17 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 18). To obtain a transfer under section 17, a party must show that he or she has furnished valuable consideration, such as money or services, over and above the usual contributions arising out of the marital relationship, which directly or indirectly was used to acquire or enhance the value of the property held in the name of the other. *Everett v. Everett* (1962), 25 Ill. 2d 342, 185 N.E.2d 201.

■■ In such matters, the trial court has vested in it a large measure of discretion which is to be applied on an equitable basis. *Gottemoller v. Gottemoller* (1976), 37 Ill. App. 3d 689, 346 N.E.2d 393.

We do not believe that the trial court abused its discretion in its determination of the respective rights of the parties to the property jointly held. The finding clearly was not against the manifest weight of the evidence. Plaintiff did not meet her burden of establishing that defendant held title to property equitably belonging to her. Plaintiff's assertions as to her efforts in acquiring the property involved amounted merely to services ordinarily performed within the marital relationship. Moreover, the finding of the trial court was identical to the disposition of the property which the parties apparently desired to make. After entry of the decree, plaintiff deeded the School Street property, the only parcel at issue in this appeal, to the defendant. While plaintiff urged in the trial court that she had been fraudulently induced into signing the deed, the trial court obviously rejected her vague testimony on this issue.

For the reasons stated, the order of the circuit court of Cook County is affirmed.

Order affirmed.

JIGANTI, P. J., and McGILLICUDDY, J., concur.