LUIS JIMINEZ, a/k/a Luis Jimenez, Plaintiff and Counterdefendant-Appellee, *v.* MERCEDES JIMINEZ, a/k/a Mercedes Jimenez, Defendant and Counterplaintiff-Appellant.

First District (4th Division)    No. 77-681

Opinion filed February 8, 1979.

Joseph J. Kozlowski and John A. Smith, both of Chicago (Kozlowski & Smith, of counsel), for appellant.

Sherwin & Sherwin, of Chicago (Theodore R. Sherwin, of counsel), for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

Defendant-counterplaintiff Mercedes Jiminez (appellant) secured a

judgment of divorce from plaintiff-counterdefendant Luis Jiminez (appellee) on October 14, 1976. The judgment order set the matter for a hearing on appellant's claim of special equity in certain real estate. That hearing was never held because on March 7, 1977 the trial judge allowed appellee's motion to strike appellant's amended counterclaim for divorce[1] and denied her motion for leave to file a second amended counterclaim. Appellant then brought this appeal.

We reverse and remand with instructions that appellant be permitted to file a second amended counterclaim and that a hearing be held on the counterclaim.

The parties were married on January 6, 1973. On March 24, 1975 appellee filed a complaint for divorce. Appellant filed a counterclaim, which she subsequently amended, and a divorce in her favor was entered. In her amended counterclaim appellant alleged that she and appellee lived together as man and wife from March, 1969 until their marriage on January 6, 1973. During that time the parties verbally agreed to pool their funds in order to purchase real estate. Pursuant to that agreement appellee did purchase two parcels of real estate. Appellant claimed special equity in that property in the amount of $30,000 and asked for such other relief as the court deemed equitable.

Appellee's motion to strike alleged in pertinent part that appellant could not assert any claim upon appellee arising from the period of their cohabitation prior to their marriage and that the oral agreement for the purchase of real property was unenforceable as violative of the Statute of Frauds. Appellant's answer to the motion reasserted her claim to special equities in the real estate and alleged that the Statute of Frauds was inapplicable because she had fully performed her part of the oral agreement.

At the hearing on the motion the trial judge concluded that the counterclaim had no "standing" in the divorce court because it was based on acquisition of real estate prior to the marriage. Accordingly, the court allowed the motion to strike and denied appellant's oral motion for leave to file a second amended counterclaim.

■■■ The authority of a court to convey the property of one spouse to another is derived not from its general equity powers but from statute. (*Debrey v. Debrey* (1971), 132 Ill. App. 2d 1072, 270 N.E.2d 43.) The pertinent Illinois statute[2] provides:

---

[1] Although the trial court's order on its face struck the entire counterclaim, that order also recited that a judgment for divorce had previously been entered. It is clear from the record that the trial judge did not intend to affect that prior judgment.

[2] Although this provision was repealed by the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*), it remains applicable to this proceeding which arises from a judgment entered prior to the effective date of the new statute, October 1, 1977. *Sommer v. Borovic* (1977), 69 Ill. 2d 220, 370 N.E.2d 1028.

"Whenever a divorce is granted, if it should appear to the court that either party holds the title to property equitably belonging to the other, the court may compel conveyance thereof to be made to the party entitled to the same, upon such terms as it shall deem equitable." (Ill. Rev. Stat. 1975, ch. 40, par. 18.)

Case law makes it clear that if one spouse has directly contributed funds which have been used by the other spouse to acquire property, the contributing spouse has an equitable claim to a portion of that property. (*Valdez v. Valdez* (1978), 57 Ill. App. 3d 81, 372 N.E.2d 1087; *Pohren v. Pohren* (1973), 13 Ill. App. 3d 380, 300 N.E.2d 288.) It is true that factually such claims have involved the acquisition of property during the time the parties were legally married, but the statute by its plain terms does not limit the power of the court solely to the distribution of property acquired during that period. The only necessary conditions are that the division be pursuant to a divorce and that the court find one party to be in possession of property equitably belonging to the other. As we have noted, these proceedings are not governed by the Illinois Marriage and Dissolution of Marriage Act. However, it is noteworthy that under that Act although only certain property acquired subsequent to the marriage is subject to division pursuant to a divorce, one factor to be considered by the court in distributing the property is the contribution of each party to the acquisition of nonmarital property, a term which includes property acquired *before* the marriage. (Ill. Rev. Stat. 1977, ch. 40, par. 503(c)(1).) Our construction of the old statute would also appear to be in harmony with, though not controlled by, those cases holding that people who live together as man and wife without benefit of legal marriage may still be bound by express or implied contracts between themselves relating to their acquisition of property. (*Hewitt v. Hewitt* (1978), 62 Ill. App. 3d 861, 380 N.E.2d 454; *Carlson v. Olson* (1977), ___ Minn. ___, 256 N.W.2d 249; *Marvin v. Marvin* (1976), 18 Cal. 3d 660, 557 P. 2d 106, 134 Cal. Rptr. 815.) In this cause the parties were legally married and then secured a divorce. Appellant alleged in her amended counterclaim that before their marriage they had agreed to pool their resources to acquire property and this resulted in the acquisition of some real estate. Accordingly, the court was empowered by statute to determine whether pursuant to this divorce an equitable conveyance should be made, and it was error to strike the amended counterclaim on the basis of a lack of such power.

■■■■ Appellee also asserted in his motion to strike that appellant's claim was barred by the Statute of Frauds as being an oral agreement for the purchase of real property. (Ill. Rev. Stat. 1975, ch. 59, par. 2.) However, full performance of such an agreement by one party removes it from the control of the Statute of Frauds. (*Anson v. Haywood* (1947), 397 Ill. 370, 74 N.E.2d 489; *Cravens v. Bishop* (1977), 44 Ill. App. 3d 850, 358 N.E.2d

965.) Appellant's amended counterclaim alleged that the parties "verbally agreed to pool their money together in order to purchase real property" and "as result [*sic*] of such agreement, to save their money jointly, the counter-defendant was able to put substantial amounts of money toward the purchase [of certain real estate]." Appellant's pleading is to be given a liberal construction with all reasonable inferences made in her favor. (Ill. Rev. Stat. 1975, ch. 110, par. 33(3); *First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 373 N.E.2d 1326; *Cook v. Askew* (1975), 34 Ill. App. 3d 1055, 341 N.E.2d 13.) A reasonable and fair inference to be drawn from this portion of appellant's pleading is that she performed her portion of the agreement and contributed money toward the purchase of the real estate. And even if this inference were not drawn, appellant's statement to this effect in her response to appellee's motion to strike was sufficient to inform the trial court that the counterclaim could be amended to explicitly allege this full performance. Leave to amend should be granted unless it is apparent that even after amendment no cause of action could be stated. (*People ex rel. Council 19 v. Egan* (1977), 52 Ill. App. 3d 1042, 368 N.E.2d 481; *Davis v. Hoeffken Bros.* (1965), 60 Ill. App. 2d 139, 208 N.E.2d 370.) Therefore, it was error to strike appellant's amended counterclaim without leave to amend.

For the reasons set forth in this opinion we reverse and remand with instructions that appellant be permitted to file a second amended counterclaim and that a hearing be held on the merits.

Reversed and remanded.

JOHNSON and LINN,* JJ., concur.

---

* At the time of oral argument Justice Dieringer sat with Justices Johnson and Romiti. Subsequently, Justice Dieringer retired and Justice Linn was designated the third member of the panel and has listened to the tapes of the oral argument and has read the briefs and record.