UNITED STATES of America, Plaintiff,

v.

$501,958 HELD AT the FIRST NATIONAL BANK OF ELGIN, TYLER CREEK BRANCH, for the ELGIN CITY POLICE DEPARTMENT, Defendant.

No. 85 C 10239.

United States District Court,
N.D. Illinois, E.D.

May 1, 1986.

Asst. U.S. Atty., William A. Spence, Chicago, Ill., for plaintiff.

Genson & Steinback, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

In this 21 U.S.C. § 881(a)(6) proceeding, the United States seeks forfeiture of $501,958 (the "Funds") on the ground the Funds constitute proceeds of a violation of the Controlled Substances Act, 21 U.S.C. §§ 801 to 904. In response to the United States' Fed.R.Civ.P. ("Rule") 55(b) motion for a default decree of forfeiture, claimants Percy and Lois Burris ("Burrises"):

1. contest that motion and

2. move (a) to intervene under Rule 24(a)(2) and (b) to dismiss under Rule 12(b)(6).

For the reasons stated in this memorandum opinion and order, Burrises' motions are denied and the United States is granted the requested decree.

### Facts

On October 21, 1985 Elgin police officers went to Burrises' home and told them three teenagers had admitted burglarizing Burrises' basement and taking more than $131,000. Burrises told the Elgin police they had discovered the break-in but had not reported it because they thought nothing was missing. Burrises also said they did not keep any money in their basement, but their daughter and son-in-law stored some belongings there.

On October 22 Burrises consented to a search of their basement. Police found $372,470 in various bags and boxes. Chemical analysis of 10% of that money revealed traces of cocaine.

### Motion To Intervene

■ To establish standing to contest a forfeiture, a claimant must allege a sufficient interest in the property seized. *United States v. 1982 Sanger 24' Spectra Boat,*

738 F.2d 1043, 1046 (9th Cir.1984) identifies two possible bases for such an interest:

> In *United States v. Fifteen Thousand Five Hundred Dollars ($15,500) in U.S. Currency*, 558 F.2d 1359, 1360 (9th Cir. 1977) we held that "[a] 'claimant' is one who claims to own the article or merchandise or to have an interest therein." In *United States v. Jacobsen*, [466] U.S. [109], 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984), the Court stated that under the fourth amendment a seizure of property occurs "when there is some meaningful interference with an individual's possessory interest in that property." *Id.* [104 S.Ct.] at 1656. It is not necessary therefore that a claimant under the forfeiture statute allege ownership. A lesser property interest such as possession creates standing.

■ Burrises do not purport to assert ownership of the Funds. Instead they ground their claim solely on their ownership of the house from which the Elgin police confiscated the Funds. Burrises argue ownership of the house confers "constructive possession" of all property located within the house. *Bishop v. Ellsworth*, 91 Ill.App.2d 386, 391, 234 N.E.2d 49, 51–52 (3d Dist.1968) (citation omitted) states the general principle on which Burrises rely:

> There is a presumption that the owner or occupant of land or premises has custody of property found on it or actually imbedded in the land.... The ownership or possession of the locus in quo is related to the right to possession of property discovered thereon or imbedded therein in two respects. First, if the premises on which the property is discovered are private it is deemed that the property discovered thereon is and always has been in the constructive possession of the owner of said premises and in a legal sense the property can be neither mislaid nor lost.

Burrises thus contend they constructively possessed the Funds through their ownership of the house. And that constructive possession, say Burrises, grants them an ownership claim superior to that of the Elgin police.

Though the "constructive possession" presumption accurately reflects Illinois law,[1] federal courts have rejected similar claims as insufficient to establish standing as a claimant under the forfeiture statutes. For example, in *United States v. Fifteen Thousand Five Hundred Dollars ($15,-500.00) United States Currency*, 558 F.2d 1359, 1360–61 (9th Cir.1977), the claimant asserted an ownership interest in a safe deposit box from which money had been seized:

> When, in the original proceeding, government counsel inquired of appellant during the motion to suppress whether she had an ownership interest in the currency, appellant's counsel objected on Fifth Amendment grounds. The objection was sustained and appellant has never testified that she claimed any interest in the money other than whatever interest would result from her possessory interest in the safety deposit box.
>
> Appellant may have an interest in the safety deposit box which, were it the item seized, would enable her to contest its subsequent forfeiture. The box, however, was not the subject of forfeiture. Only the currency was alleged to be contraband and forfeitable. We do not believe that her interest in the box is tantamount to a sufficient claim of interest in the currency seized therefrom where appellant does not identify it as hers in whole or in part.
>
> Mumford's possessory interest in the box would give her the right to contest other matters in this type of proceeding. She could, for example, challenge the entry into the box as an illegal search.... Where the underlying action is a civil forfeiture suit, however, none of the above bases for contesting the forfeiture is reached unless the threshold requirement of being a claimant is fulfilled. This can be done only if the person desiring to defend the action claims an ownership or possessory interest in the proper-

---

1. See, however, n. 2 as to the likely inapplicabil- ity of that notion to Burrises' situation here.

ty seized. It is not sufficient to have claimed merely an interest in the premises or area in which the contraband was found.

Accord, e.g., *United States v. United States Currency Amounting to Sum of Thirty Thousand Eight Hundred Dollars ($30,800)*, 555 F.Supp. 280, 284 (E.D.N.Y. 1983).

Here too Burrises claim nothing more than an ownership interest in the container—in this case the premises—in which the Funds were secreted and from which the police seized them. Although they assert "constructive possession" of those funds, they cannot claim they exercised "dominion and control" over the seized property itself. Cf. *United States v. One 1945 Douglas C-54 (DC-4) Aircraft*, 647 F.2d 864, 867 (8th Cir.1981).

Indeed Burrises' position is considerably weaker than (say) that of the claimant in *Fifteen Thousand Five Hundred Dollars.* At least with a container as small as a safe deposit box, its owner might make a plausible argument he or she must necessarily have exercised "dominion and control" over a substantial cache of cash (whose very presence in the box had to be obvious). But here Burrises' own conduct and statements directly negate any knowledge of the Funds' presence in their home—and hence negate any conceivable argument for Burrises' exercise of dominion and control.[2]

Absent even a colorable claim of actual possession, Burrises' bid for standing must fail. Accordingly they cannot contest this forfeiture proceeding.

### Motion for Default

 As stated at the outset, the United States has moved under Rule 55 for a default decree of forfeiture. It published notice of the forfeiture December 23, 1985. Rule C(6) of the Supplemental Rules for

Certain Admiralty and Maritime Claims provides in part:

> The claimant of property that is the subject of an action in rem shall file his claim within 10 days after process has been executed....

Here no claimant with standing to contest the forfeiture has filed a claim within the prescribed time limit. See *United States v. United States Currency in the Amount of $2,857.00*, 754 F.2d 208, 213 (7th Cir.1985). Accordingly the United States is entitled to a default decree of forfeiture.

### Conclusion

Burrises' motion to intervene and to dismiss is denied. Forfeiture of the Funds is granted to the United States.

---

**2.** In fact, one issue Burrises have not faced up to is the doubtful posture of their "possession" contention even under Illinois law. After all, *Bishop* correctly states its doctrine only in terms of a "presumption" of custody. Burrises' own contemporary disclaimers to the Elgin police should logically operate to rebut—more accurately, to vitiate—that presumption, leaving Burrises with a wholly unsatisfied burden of proof. But that state-law question need not be resolved, given the clear federal law on the subject.