UNITED STATES of America,
Plaintiff-Appellee,

v.

FIFTEEN THOUSAND FIVE HUNDRED DOLLARS ($15,500.00) UNITED STATES CURRENCY, Defendant,

Alice Mumford, Real Party in Interest-Appellant.

No. 75–2120.

United States Court of Appeals, Ninth Circuit.

Aug. 1, 1977.

As Amended Aug. 15, 1977.

Michael E. Nasatir, Donald M. Re, argued, Nasatir, Sherman & Hirsch, Beverly Hills, Cal., for appellant.

Matthew A. Schumacher, argued, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BARNES, WRIGHT and KEN-NEDY, Circuit Judges.

OPINION

EUGENE A. WRIGHT, Circuit Judge.

The United States claimed under 18 U.S.C. § 1955(d)[1] for forfeiture of $15,500 allegedly used in connection with an illegal gambling business. The currency was seized, pursuant to a search warrant, from a safety deposit box rented jointly by Alice Mumford, appellant and alleged real party in interest, and her daughter.

In the original forfeiture proceeding appellant moved to suppress the currency, arguing that it had been discovered from information obtained from illegal wiretaps. Judgment in favor of appellant was reversed on appeal by unpublished order. On remand a subsequent motion to suppress on other grounds was denied by the district court and the matter proceeded to trial on stipulated facts and exhibits. Mumford appeals from a judgment of forfeiture.

She raises many issues including (1) whether the applicable burden of proof requirement of 19 U.S.C. § 1615, is constitutional; (2) whether the wiretap application provided the information required by 18 U.S.C. § 2518(1)(c); and (3) whether there was probable cause for issuance of the search warrant and the wiretap authorizations. We need not decide these issues, however, because appellant has not established herself as a "claimant" and therefore cannot contest the forfeiture.

■ The applicable statutory sections discussing forfeiture proceedings make clear that one who contests a forfeiture must be a claimant. A "claimant" is one who claims to own the article or merchandise or to have an interest therein. *See, e. g.,* 19 U.S.C. §§ 1608, 1613, 1615. Thus there may be more than one claimant in a forfeiture proceeding.

In *United States v. One 1951 Cadillac Coupe de Ville,* 108 F.Supp. 286 (W.D.Pa. 1952), both the owner and chattel mortgagee claimed an interest in the seized vehicle. Although the type and extent of the interest claimed may vary (see our opinion in *United States v. One Twin Engine Beech Airplane,* 533 F.2d 1106, 1107 (9th Cir. 1976), where we used the terms "owner or possessor" in describing a claimant) in all cases the real party in interest claims some interest in the seized article or merchandise itself. Appellant has not done so.

■ The affidavit submitted in support of her claim was that of her counsel who stated that appellant had informed him that she was the owner of the currency and that he was alleging the same in reliance on those statements. C.T. 5. We view this hearsay statement of appellant's counsel as insufficient to satisfy the requirement of the forfeiture provisions that the claimant be one who claims the property or an interest therein.

■ The extent of appellant's claims is found in her affidavit attached to a trial memorandum. There she states that she is a signator on the safety deposit box and paid fees for its opening.

When, in the original proceeding, government counsel inquired of appellant during the motion to suppress whether she had an ownership interest in the currency, appel-

---

**1.** 18 U.S.C. § 1955. Prohibition of illegal gambling businesses.

    *     *     *     *     *     *

   "(d) Any property, including money, used in violation of the provisions of this section may be seized and forfeited to the United States. All provisions of law relating to the seizure, summary, and judicial forfeiture procedures, and condemnation of vessels, vehicles, merchandise, and baggage for violation of the customs laws . . . shall apply to seizures and forfeitures incurred . . . under the provisions of this section . . .."

   Many of these applicable customs laws are found in the provisions of the Tariff Act of 1930, 19 U.S.C. §§ 1602–1615 (1970).

lant's counsel objected on Fifth Amendment grounds. The objection was sustained and appellant has never testified that she claimed any interest in the money other than whatever interest would result from her possessory interest in the safety deposit box.

Appellant may have an interest in the safety deposit box which, were it the item seized, would enable her to contest its subsequent forfeiture. The box, however, was not the subject of forfeiture. Only the currency was alleged to be contraband and forfeitable. We do not believe that her interest in the box is tantamount to a sufficient claim of interest in the currency seized therefrom where appellant does not identify it as hers in whole or in part.

■ Mumford's possessory interest in the box would give her the right to contest other matters in this type of proceeding. She could, for example, challenge the entry into the box as an illegal search. *See Jones v. United States*, 362 U.S. 257, 261, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). Similarly, her failure to be a claimant would not interfere with her right to contest the validity of wiretap authorizations if her conversation were intercepted. 18 U.S.C. §§ 2510(11), 2518(10) (1970).

Where the underlying action is a civil forfeiture suit, however, none of the above bases for contesting the forfeiture is reached unless the threshold requirement of being a claimant is fulfilled. This can be done only if the person desiring to defend the action claims an ownership or possessory interest in the property seized. It is not sufficient to have claimed merely an interest in the premises or area in which the contraband was found.

Under our interpretation of the claimant requirement of the forfeiture statutes, appellant has not qualified as a claimant. Because appellant has not fulfilled this threshold requirement, the merits of this action cannot be reached. For the reasons expressed, the claimant having failed to establish a possessory interest, the judgment of the district court is affirmed. It is so ordered. Each party will bear its own costs on appeal.