Fred FERRIS, Movant,

v.

UNITED STATES of America, Respondent.

No. CIV–R–80–98–ECR.

United States District Court, D. Nevada.

Sept. 29, 1980.

Heaton & Wright, Las Vegas, Nev., for movant.

B. Mahlon Brown, U. S. Atty., Charles C. Wehner, Special Atty., U. S. Dept. of Justice, Las Vegas Strike Force, Las Vegas, Nev., for respondent.

## ORDER

EDWARD C. REED, Jr., District Judge.

The pending motion of Fred Ferris for return of seized property involves the inherent supervisory power of this Court over federal law enforcement officials acting within the jurisdiction of the court. It is this supervisory power which forms the basis of the jurisdiction which the Court may exercise in this case. *United States v.*

*Premises Known as 608 Taylor Avenue,* 584 F.2d 1297 (3rd Cir. 1978); cf. *Go–Bart Co. v. United States,* 282 U.S. 344, 354–355, 51 S.Ct. 153, 157, 75 L.Ed. 374 (1931); *Hunsucker v. Phinney,* 497 F.2d 29 (5th Cir. 1974).

The motion is based on the following facts. In June of 1978, federal agents, pursuant to search warrants, seized $166,300.00 from a safe deposit box located at the Dunes Hotel in Las Vegas, Nevada, and $11,741.00 from a residence located in Las Vegas. Both parties agree that the safe deposit box was owned by Mr. Ferris and that he was the legal occupant of the residence from which the money was seized.

This motion is made solely for the return of seized property and not for its suppression as evidence. Movant may litigate the admissibility of the seized property as evidence at a later time if criminal proceedings should subsequently be instituted against him. Movant is willing to stipulate to the location of the money when seized, that it was seized pursuant to search warrant, and that he has no objection to the Government retaining Xerox copies or photographs of the subject currency.

The motion was accompanied by an affidavit of movant asserting that he is the owner of the money in question.

The Government in response, opposed the motion and accompanied its response with an affidavit to be inspected in camera. That affidavit basically asserted that Mr. Ferris was not the sole owner of this money and that his possession of it was not lawful. The Government has stated that it does not seek to retain the currency at this point because it is contraband, the fruits of a crime, or evidence, as long as movant is willing to stipulate to the substitution of copies as evidence. The Government claims that Mr. Ferris is not entitled to receive the seized money, because he has not shown he is its lawful owner.

The Court previously examined the affidavits submitted in support of and in opposition to the motion, and determined that a factual conflict existed. An evidentiary

hearing was thereafter held. At this hearing, each of the parties refused to stipulate into evidence the respective affidavits of the other. Mr. Ferris was called to the stand by the Government. He refused to answer any questions concerning the source of the money; who had access to the money; or its ownership at the time of the hearing or at the time of the seizure. His refusal to answer was founded on his Fifth Amendment privilege against self–incrimination.

Movant now argues that, on the basis of the facts conceded by the Government (that the money was seized from movant's possession), he has carried his burden of proof in establishing the elements of his claim to receive the money at this time. He argues that since the Government has introduced no rebuttal evidence he is now entitled to the return of his property. Further, movant argues that his affidavit is admissible in evidence to prove the necessary elements of his motion, because it is based on personal knowledge and made under penalty of perjury. Movant states that on the other hand the Government's affidavit is largely incompetent as evidence because it is based on inadmissible hearsay.

The Government responds that both the affidavits are inadmissible because the proceedings in the evidentiary hearing were subject to the Federal Rules of Evidence under F.R.E. 1101. Affidavits under these rules are not competent evidence. The Government further argues that one of the necessary elements of movant's claim is a showing of lawful possession and ownership. The Government urges that a showing of seizure from movant's possession does not raise an inference of lawful possession, and even if it does raise such an inference, that since this is a civil proceeding the inference is rebutted by an adverse inference that should be drawn from movant's invocation of his Fifth Amendment privilege.

On this posture the case now stands before the Court.

■ There are presently no proceedings pending against Mr. Ferris or the currency.

The motion is made solely for the return of property. Where these conditions exist the motion is independent of any other proceedings. See, *DiBella v. United States*, 369 U.S. 121, 131–132, 82 S.Ct. 654, 660–661, 7 L.Ed.2d 614 (1962); *United States v. Premises Known as 608 Taylor Ave.*, 584 F.2d 1297 (3rd Cir. 1978); *Mr. Lucky Messenger Serv., Inc. v. United States*, 587 F.2d 15, 16 (7th Cir. 1978). Consequently, because a decision of this Court will fully and completely resolve the proceedings at hand, these are plenary proceedings. Rule 1101 of the Federal Rules of Evidence states that the Federal Rules are applicable to these proceedings. In such case the affidavits are inadmissible in an evidentiary hearing on a disputed factual issue because they are hearsay to which no exception applies. Objections not having been waived by the parties, the allegations of the affidavits cannot be considered as evidence before the Court at this time. *United States v. Thompson*, 409 F.2d 113, 117 (6th Cir. 1969) and *United States v. Warrington*, 17 F.R.D. 25 (N.D.Cal.1955), are by analogy authority for the proposition that where an evidentiary hearing is held on a motion for return of seized property affidavits are not competent evidence.

■ The only evidence which is now properly before the Court, are the facts which have been conceded by the parties. These facts are basically that the property was seized from the possession of Mr. Ferris. The issue is then whether these facts are sufficient to authorize a return of property. In the case of *United States v. One Residence and Attached Garage, etc.*, 603 F.2d 1231, 1234 (7th Cir. 1979), the court stated:

"The government also maintains that the appellant has not met the requirement of maintaining a motion under Rule 41(e) of the Federal Rules of Criminal Procedure in that he failed to show 'lawful possession of the seized items.' The argument is patently frivolous. Ownership of the premises where the property was seized and the seizure itself from those premises are surely not contested. Under such a

showing and absent a government showing of unlawful possession, the property cannot be withheld. Property of private citizens simply cannot be seized and held in an effort to compel the possessor to 'prove lawful possession.' "

In the *One Residence* case the movants had, as here, remained silent though they were never in a position to have to claim a Fifth Amendment privilege. In *United States v. Wright*, 610 F.2d 930 (D.C.Cir.1979), a motion had been made for a return of seized property after indictments had been dismissed. Movants there refused to take the stand in support of their motion because they did not want to be subjected to a cross-examination. This was apparently due to the fact that they had been subsequently indicted for offenses other than those which related to the seizure of their property. Instead, they put a detective on the stand who testified that a portion of the money there seized was taken from one of the claimant's pockets and that the remainder of the seized property had been taken from a room used by them. The government refused to return the money stating that appellants had an obligation to prove that they were entitled to the money. The *Wright* court at page 939 states:

> "The seizure of property from someone is *prima facie* evidence of that person's entitlement, particularly when the seized property is money–negotiable instruments difficult to identify and trace. The whole thrust of the cases that we have cited is that when property is seized from a person, the court must return it to that person when it is no longer needed by the government. The court is obligated to restore the status *quo ante*. Unless there are serious reasons presented by the government or adverse claimants to doubt a person's right to the property seized from him, he need not come forward with additional evidence of ownership."

*Wright* teaches that where possession is asserted it is incumbent upon the Government to come forward with evidence calling into question appellant's ownership or right to possession.

 In the instant case, the only evidence upon which the Government relies to raise a question about Mr. Ferris' lawful possession of the seized property is an alleged adverse inference to be drawn from movant's claim of his Fifth Amendment privilege. This does not appear to this Court to be a sufficient rebuttal to overcome the presumption of entitlement to the property which arises from its original possession by Mr. Ferris. Consequently, in the absence of additional evidence on this matter Mr. Ferris would be entitled to a return of the property. However, due to the confusion which existed at the time of the hearing as to what evidence would be admissible and considered this Court feels that the Government and the movant should be granted an additional opportunity to introduce evidence on the issues involved in the claim for property. Therefore, the Clerk of the Court will promptly set the matter down for a further evidentiary hearing.