UNITED STATES of America, Plaintiff,

v.

UNITED STATES CURRENCY AMOUNTING TO the SUM OF THIRTY THOUSAND EIGHT HUNDRED DOLLARS ($30,800.00), Defendant.

UNITED STATES of America, Plaintiff,

v.

UNITED STATES CURRENCY AMOUNTING TO the SUM OF SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500.00), Defendant.

Nos. CV 82–0094, X CV 82–1327 and X CR 80–663.

United States District Court, E.D. New York.

Jan. 19, 1983.

Raymond J. Dearie, U.S. Atty., E.D.N.Y. by Kathleen A. Haggerty, Sp. Asst. U.S. Atty., Brooklyn, N.Y., for U.S.

David S. Zapp, New York City, for claimant Edgar Romero.

Peter S. Zeiler, New York City, for Betty Lemos.

## MEMORANDUM & ORDER

PLATT, District Judge.

The United States has commenced these consolidated forfeiture proceedings pursuant to 21 U.S.C. § 881(a)(6), on the grounds that the defendant currency was furnished or intended to be furnished in exchange for a controlled substance in violation of 21 U.S.C. §§ 841 *et seq.*, or was directly traceable to proceeds of a sale of a controlled substance made in violation of 21 U.S.C. §§ 841 *et seq.* Claims to the defendant currency have been filed by Edgar Romero and Betty Lemos.

The facts surrounding the seizure of the currency are not in dispute. On December 2, 1980, law enforcement officers seized a quantity of cocaine, drug paraphernalia, and $30,800 in United States currency from an apartment in Queens, New York. The following day, an additional quantity of cocaine, drug paraphernalia, and $7,500 in United States currency were seized from the same apartment. Orlando Romero, and the claimants in this proceeding—Edgar Romero and Betty Lemos—were subsequently indicted in the Eastern District of New York and charged with conspiracy to possess and distribute cocaine and possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 2.

All three defendants made motions in the criminal proceeding to suppress the evidence seized, but the motions were granted as to Edgar Romero and Betty Lemos only.[1] Orlando Romero was convicted, following a jury trial, on all counts, and his conviction was affirmed by the United States Court of Appeals for the Second Circuit. *United States v. Orlando Romero,* 688 F.2d 817 (2d Cir.1982).

The government then commenced forfeiture proceedings against the currency seized. Although all three of the original criminal defendants were given notice of the forfeiture proceedings, only Edgar Romero and Betty Lemos filed claims to the currency. The government now moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment.

■ In a forfeiture proceeding, a three-step process is employed to analyze the issues raised by the parties:

The Court must first determine whether the plaintiff has proved requisite cause for the seizure of the currency. If the Court finds this cause, then the burden shifts to the claimants to establish by a preponderance of the evidence that they possess sufficient standing to claim the currency pursuant to the Rules of Civil Procedure and the established case law. If it is the determination of this Court that the claimants possess the requisite standing to claim the currency they are then entitled to present any affirmative defenses to the forfeiture of the currency.

*United States v. Eleven Thousand Five Hundred and Eighty Dollars in U.S. Currency,* 454 F.Supp. 376, 377 (M.D.Fla.1978).

■■ The government, therefore, must first show that probable cause exists for the belief that the money "was furnished or intended to be furnished by any person in exchange for a controlled substance in violation of [21 U.S.C. §§ 841 *et seq.*]." 21 U.S.C. § 881(a)(6); *United States v. U.S. Currency Amounting to the Sum of $20,-294.00,* 495 F.Supp. 147, 150 (E.D.N.Y.1980). In this case, the currency in question was submitted as evidence in Orlando Romero's trial. The jury in that trial concluded that the currency, together with the evidence of the cocaine and the testimony, established beyond a reasonable doubt that Orlando Romero was guilty of the crimes charged. Thus, in light of the jury's verdict, and in light of the undisputed facts as recited above, the government has clearly established the requisite cause for the belief that the defendant currency was used, or intended to be used, in exchange for a controlled substance.[2]

---

1. *See* Memorandum of Decision and Order in *United States v. Edgar Romero, Betty Lemos, and Orlando Romero,* CR 80–663 (Costantino, J., (E.D.N.Y. May 21, 1981).

2. Romero raises several challenges to the assertion by the government of probable cause for the forfeiture. Even assuming *arguendo* that Romero has standing to raise these chal-

Once the government establishes this probable cause, the claimant has the burden to establish, by a preponderance of the evidence, that he has an ownership or possessory interest in the defendant currency. *United States v. Eleven Thousand Five Hundred and Eighty Dollars in U.S. Currency, supra,* at 381. Thus, the claimant must demonstrate a "possessory interest in the res with its attendant characteristics of dominion and control", *United States v. One 1945 Douglas C-54 (DC-4) Aircraft,* 604 F.2d 27, 28 (8th Cir.1979), in order to establish the requisite standing to claim the currency.

▮ Claimant Edgar Romero has submitted his claim in the form of an attorney affidavit.[3] He has also stipulated that he would refuse to testify as to how he acquired any ownership or possessory interest in the currency, asserting that such testimony would tend to incriminate him. The Ninth Circuit Court of Appeals, on facts similar to these, has held that an attorney's affirmation in support of a claim is hearsay, and as such is inadequate to meet the requirement that the claimant has an ownership or possessory interest in the property.

The Court said in pertinent part on this point:

The affidavit submitted in support of her claim was that of her counsel who stated that appellant had informed him that she was the owner of the currency and that he was alleging the same in reliance on those statements. [Citation omitted] We view this hearsay statement of appellant's counsel as insufficient to satisfy the requirement of the forfeiture provisions that the claimant be one who claims the property or an interest therein.

\*    \*    \*    \*    \*    \*

Under our interpretation of the claimant requirement of the forfeiture statutes, appellant has not qualified as a claimant.

*United States v. Fifteen Thousand Five Hundred Dollars ($15,500) United States Currency,* 558 F.2d 1359, 1360-61 (9th Cir. 1977). We agree.

Romero argues that his attorney's affirmation is not the sole basis upon which he contests the forfeiture, as he has also asserted his claim in a stipulation entered into

lenges (*but see* discussion of standing *infra*), his claims are without merit.

First, Romero argues that because the money was suppressed against Lemos and him, Orlando Romero's conviction may not be used by the government to establish probable cause for this forfeiture. However, the express language of § 881(a)(6) permits the use of such conviction to establish probable cause for the forfeiture. ("All moneys . . . furnished or intended to be furnished *by any person* in exchange for a controlled substance . . .") (Emphasis added). Romero's second argument, which is actually related to the first argument, is that the use of Orlando Romero's conviction to establish probable cause for this forfeiture is an attempt by the government to evade the exclusionary rule of the Fourth Amendment. Indeed, the Supreme Court has held that the exclusionary rule is applicable, in certain situations, to forfeiture proceedings. *One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965). In *Plymouth Sedan,* however, the claimant was facing the potential loss of an automobile with an estimated value of $1,000, an amount *greater* than the maximum fine in the criminal proceeding. It was under those circumstances that the Court reasoned that it would be "anomalous" to exclude the

evidence in the criminal proceeding but not in the forfeiture proceeding. 380 U.S. at 701, 85 S.Ct. at 1251. This case presents an entirely different situation, as the potential and actual criminal penalties—Orlando Romero could have been sentenced to 30 years in jail, fines of $50,000 and a lifetime special parole term and, in fact, was sentenced to two concurrent eight year terms of imprisonment and a 25 year special parole term—far exceed the punitive effect of the forfeiture of $45,800. *Cf. United States v. $2500 in United States Currency,* 689 F.2d 10 (2d Cir.1982) ("The [*Plymouth Sedan*] Court did not consider whether the same reasoning would apply where, as here, the criminal penalties far exceed the severity of the forfeiture.")

**3.** The attorney's affidavit, dated May 20, 1982, states in pertinent part:

3. Edgar Romero hereby makes claim upon all monies seized from his premises, 147-10 41st Ave. Queens, N.Y., Apt. 6M, which were seized by agents of the Drug Enforcement Administration on or about December 2, 1980, to wit, $7,500.00 on the ground that the money belongs to him.

by Lemos, the government, and him. This stipulation, however, merely states that Romero and Lemos "have each asserted claims"; it certainly does not meet a claimant's affirmative obligation to assert an ownership or possessory interest in the defendant property. 558 F.2d at 1360–61.

■ Romero further argues that because the currency was taken from his apartment while he was present, he has established *prima facie* evidence of his ownership, and thus the burden shifts to the government to establish that Romero does not own the property. Again, assertion of possession of a premises is not an assertion of ownership or possession of property therein which is to be forfeited.[4] Moreover, the cases cited by Romero in support of this proposition are clearly distinguishable in that they were decided under Rule 41(e) of the Federal Rules of Criminal Procedure, which applies a different standard than that employed in a civil forfeiture proceeding. Indeed, both of those cases acknowledge this distinction. *See United States v. Wright,* 610 F.2d 930, 939 (D.C.Cir.1979) ("such property should be returned provided that it is not . . . otherwise forfeitable . . ."): *Ferris v. United States,* 501 F.Supp. 98, 100 (D.Nev.1980) ("There are presently no proceedings pending . . . against the currency.").[5]

4. In *United States v. Fifteen Thousand Five Hundred Dollars ($15,500) United States Currency, supra,* the claimant submitted an affidavit stating that she had an ownership interest in the safe deposit box from which the money had been seized in an illegal search and seizure. As the Ninth Circuit stated:

> When, in the original proceeding, government counsel inquired of appellant during the motion to suppress whether she had an ownership interest in the currency, appellant's counsel objected on Fifth Amendment grounds. The objection was sustained and appellant has never testified that she claimed any interest in the money other than whatever interest would result from her possessory interest in the safety deposit box . . . .
> The box, however, was not the subject of forfeiture. Only the currency was alleged to be contraband and forfeitable. We do not believe that her interest in the box is tantamount to a sufficient claim of interest in the currency seized therefrom where appellant does not identify it as hers in whole or in part.

■ Betty Lemos likewise lacks standing to contest these proceedings. Lemos has similarly stipulated that she would refuse to testify as to the means by which she acquired any possessory or ownership interests in the currency. She was also deposed by the government, as part of its discovery in this case, and she refused to testify, on Fifth Amendment grounds, as to whether she has ever resided at the address at which the currency was seized, or her reasons for believing that the currency belongs to her; instead, she merely made the bare assertion that she has "a personal interest" in the money. This personal interest, whatever it may be, does not meet the level of dominion and control required for establishing an ownership interest. *See United States v. Fifteen Thousand Five Hundred Dollars ($15,500) United States Currency, supra.*

■ In short, the government has established requisite cause for the forfeiture of this currency. Thus, because the claimants, by virtue of their failure to assert ownership, lack standing to absolve the currency from culpability, the government's motion for summary judgment against claimant Betty Lemos and its cross-motion for summary judgment against Edgar Romero must be, and hereby are, granted.

SO ORDERED.

\* \* \* \* \* \*

Where the underlying action is a civil forfeiture suit, however, *none of the* above *bases* [e.g., illegal search of the safety deposit box] *for contesting the forfeiture is reached unless the threshold requirement of being a claimant is fulfilled.* This can be done only if the person desiring to defend the action *claims an ownership or possessory interest in the property seized.* It is not sufficient to have claimed merely an interest in the premises or area in which the contraband was found. *Id.* at 1360–1361 (Emphasis added).

5. Romero also cites *United States v. One 1945 Douglas C-54 (DC-4) Aircraft, supra,* to support his view that the government must make a particularized showing that a claimant lacks standing. In that case, however, the government made a particularized showing to rebut the showing made by the claimant. Here, the claimants have not submitted any evidence, other than their attorneys' bold assertions, of their alleged ownership of this money.