**In the Matter of Property Seized From Ernie Edward ARONSON, et al.**

No. 87–1776.

Supreme Court of Iowa.

May 17, 1989.

Randy J. Hohenadel, Davenport, for Ernie Edward Aronson, et al., appellants.

Thomas J. Miller, Atty. Gen., Christie J. Scase, Asst. Atty. Gen., William E. Davis,

County Atty., and Gary L. Sissel and Hugh Pries, Asst. County Attys., for the State, appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and SNELL, JJ.

SNELL, Justice.

This appeal concerns the disposition of miscellaneous personal property seized at the situs of a cockfight. On May 2, 1987, twenty sheriff's deputies raided a farm property belonging to Robert and Mary West and arrested fifty-nine people. Property taken from the farm at that time by the sheriff was the subject of a forfeiture hearing held on November 17, 1987. The trial court ordered forfeiture of all property at issue except cash physically taken from the person of each defendant. Fifty-seven defendants, all but the Wests, have now appealed seeking a reversal of the forfeiture order. We affirm.

The property seized had a value estimated by the sheriff at $8000. It included the following:

1. Roosters—fourteen dead, forty-nine alive.
2. Hens—three alive.
3. Rooster carrying containers.
4. Spur kits.
5. Briefcase and file case containing gambling paraphernalia.
6. Clipboard containing cockfighting match information.
7. Envelopes containing weight tags, rules, legbands.
8. List of game bird association members.
9. Pheasants frozen in bags.
10. Leather pouch containing twelve numbered peas.
11. Megaphone.
12. Signs.
13. Tickets.
14. Trophies.
15. Beaver pelt
16. Beer—forty-seven cases; 647 cans.
17. Liquor—forty bottles.
18. Cigarettes.
19. Cash—$1600 in $100, $50 and $20 bills found hidden in barn.

The court proceedings commenced May 5, 1987, with a "notice of seized property" sent to each defendant by the clerk of the district court. On May 27, 1987, formal criminal charges were filed against all fifty-nine defendants. The defendants then filed on June 5, 1987, a claim for return of forfeitable property under the captions of their criminal cases. The State filed a resistance claiming the property was (1) evidence to be used at time of trial and (2) contraband forfeitable under Iowa Code section 809.1. No formal hearing was held on these claims.

On September 21, 1987, a notice of forfeiture was filed by the county attorney as a civil action captioned herein. In this action, defendants filed on October 22, 1987, a claim for return of forfeitable property. The State then filed a motion to dismiss defendants' claims based on their failure to identify specific ownership interests in the property as required by section 809.9(2). Subsequently, defendants moved to dismiss and for a continuance of the forfeiture hearing.

The trial court denied defendants' motions, set the matter for hearing and received evidence from the State regarding the forfeitable nature of the property. Defendants were given an opportunity to respond to the State's allegations. Deciding to stand on their Fifth Amendment rights not to testify at the forfeiture hearing, defendants declined to identify their interests in the seized property. They now claim error by the trial court in failing to dismiss the forfeiture action and in not allowing a continuance until after trial of the criminal actions.

In the criminal actions defendants filed a motion to suppress the evidence seized consisting of the property sought to be forfeited. Defendants asked for its return. After hearing, the court held the property was legally seized and denied the motion to suppress.

In the civil proceedings on forfeiture, defendants asserted three constitutional

challenges in their motion to dismiss. They are that forfeiture of the property would constitute cruel and unusual punishment, that the preponderance of evidence standard denied them due process of law, and that the forfeiture statute was unconstitutional, being vague and overbroad. The error predicated on the court's denial of a continuance is that defendants were deprived of their property without due process of law because they were compelled to choose to not testify at the forfeiture hearing or risk incriminating themselves.

■ Iowa's forfeiture statute, chapter 809, was adopted by the legislature in 1986. 86 Acts ch. 1140 § 3. Forfeitable property is defined as:

    a. Property illegally possessed.

    b. Property which has been used or is intended to be used to facilitate the commission of a criminal offense or to avoid detection or apprehension of a person committing a criminal offense.

    c. Property which is acquired as or from the proceeds of a criminal offense.

    d. Property offered or given to another as an inducement for the commission of a criminal offense.

Forfeiture proceedings may be civil or criminal in nature, both being commonly employed by the federal government and various states. *See* P. Smith *Prosecution and Defense of Forfeiture Cases*, §§ 2.01, 2.03 (1987). Criminal in personam forfeiture actions are fundamentally different from civil in rem actions. The different nature of these actions not only determines the procedural format but also a claimant's rights and responsibilities. *Id.* § 2.03 at 2-10. Constitutional protections guaranteed a criminal defendant may be inapplicable in the context of civil forfeiture actions. *See United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 362, 104 S.Ct. 1099, 1105, 79 L.Ed.2d 361, 368 (1984) (double jeopardy clause is not applicable); *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974) (due process does not require notice of seizure of property for civil forfeiture); *One Lot Emerald Cut Stones v. United States*, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.

2d 438 (1972) (innocence of property owner is not a defense to civil forfeiture).

■ The determination of whether a forfeiture scheme is criminal or civil is essentially a matter of statutory construction. *United States v. One Assortment of 89 Firearms*, 465 U.S. at 362, 104 S.Ct. at 1105, 79 L.Ed.2d at 368; *One Lot Emerald Cut Stones v. United States*, 409 U.S. at 237, 93 S.Ct. at 493, 34 L.Ed.2d at 443.

> [I]nquiry in this regard has traditionally proceeded on two levels. First [the court] set[s] out to determine whether [the legislature], in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other. Second, where [the legislature] has indicated an intention to establish a civil penalty, [courts] have inquired further whether the statutory scheme was so punitive either in purpose or effect as to negate that intention.

*United States v. One Assortment of 89 Firearms*, 465 U.S. at 362-63, 104 S.Ct. at 1105, 79 L.Ed.2d at 368 (citations omitted).

Iowa Code section 809.11(1) identifies the proceeding as civil in nature. The focus for jurisdictional purposes is on the property, an in rem procedure, rather than on the person of its owner. Forfeitable property may be seized wherever found within the state. Iowa Code § 809.7. Title to and responsibility for forfeitable property vests in the state at the time of seizure. When forfeitable property is seized, no right to the property may be transferred by anyone other than the state unless the seizure and forfeiture is declared by the court to be a nullity. Iowa Code § 809.6.

Actions in rem have traditionally been viewed as civil proceedings, with jurisdiction dependent upon seizure of a physical object. *See Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 684, 94 S.Ct. 2080, 2092, 40 L.Ed.2d 452 (1974). *See also*, regarding forfeiture as a civil proceeding, *State v. One Certain Conveyance, 1973 Kenworth*, 316 N.W.2d 675 (Iowa 1982); *State v. Search Warrant*, 234 N.W.2d 874 (Iowa 1975); *State v. One Certain Conveyance, 1971 Honda 350*, 211 N.W.2d 297 (Iowa 1973). Forfeiture pro-

ceedings are initiated by the county attorney or attorney general filing a notice of forfeiture with the district court. The notice sets forth a description of the property, the date and place of seizure, the name of the person from whom the property was seized, and the grounds upon which the state claims that the property has been forfeited. Iowa Code § 809.8.

At the forfeiture hearing, the burden is upon the state to prove by a preponderance of the evidence that the property is forfeitable. Forfeiture is not dependent, however, upon a prosecution for, or conviction of, a criminal offense and forfeiture proceedings are separate and distinct from any related criminal action. Iowa Code § 809.11(1).

■ We believe the process established by the legislature in chapter 809 is clearly a civil procedure. Nor is there any indication in the statutory scheme of a punitive purpose or effect that would negate the legislature's intention to establish a civil remedial mechanism. "Only the clearest proof" that the purpose and effect of the forfeiture are punitive will suffice to override the legislature's manifest preference for a civil sanction. *United States v. Ward*, 448 U.S. 242, 248–49, 100 S.Ct. 2636, 2641, 65 L.Ed.2d 742, 749 (1980); *see also Kennedy v. Mendoza–Martinez*, 372 U.S. 144, 168–69, 83 S.Ct. 554, 567–68, 9 L.Ed.2d 644 (1963) (for a list of considerations in determining if purpose is punitive). Such clear proof is lacking here.

The Iowa statute providing for a claim for return of forfeitable property states that:

An application for the return of forfeitable property shall state the specific item or items sought, the nature and the source of the claimant's interest in the property, and the grounds upon which the claimant seeks to avoid forfeiture.

Iowa Code § 809.9(2).

At the hearing on forfeiture, the state presented evidence to support the forfeiture claim. Defendants presented no evidence of their interest in any of the subject property. Instead they exercised their constitutional right under the Fifth Amendment not to testify. In *United States v. Fifteen Thousand Five Hundred Dollars*, 558 F.2d 1359 (9th Cir.1977), the government sought a forfeiture of $15,500 from a safety deposit box allegedly used in connection with an illegal gambling business. Defendant exercised her Fifth Amendment right and never testified that she claimed any interest in the money. The court ignored defendant's claim of an illegal search and unlawful wiretap and ordered the money forfeited.

Where the underlying action is a civil forfeiture suit, however, none of the above bases for contesting the forfeiture is reached unless the threshold requirement of being a claimant is fulfilled. This can be done only if the person desiring to defend the action claims an ownership or possessory interest in the property seized. It is not sufficient to have claimed merely an interest in the premises or area in which the contraband was found.

*Id.* at 1361. Again, in *Baker v. United States*, 722 F.2d 517 (9th Cir.1983), the court rejected arguments put forth by defendants who lack standing. There, defendants sought damages for property forfeited by the drug enforcement administration. Fifth Amendment rights were exercised, defendants claiming they were thereby protected from having to allege a specific property interest, because of pending criminal investigations. In dismissing the case the court said:

To have standing to contest a forfeiture, one must be a "claimant." *United States v. Fifteen Thousand Five Hundred Dollars ($15,500.00) in U.S. Currency*, 558 F.2d 1359, 1360 (9th Cir.1977). "A 'claimant' is one who claims to own the article or merchandise or to have an interest therein." *Id.; United States v. One 560 [56–] Foot Yacht Named Tahuna*, 702 F.2d 1276, 1279 (9th Cir.1983).

The plaintiffs are not "claimants" because they have alleged no specific property interest in the forfeited items. They assert that claiming ownership of the forfeited items might incriminate them in pending criminal investigations for tax

and welfare violations. They contend that forcing them to choose between their privilege and their lawsuit makes assertion of the privilege "costly." *See, e.g., Campbell v. Gerrans,* 592 F.2d 1054, 1057 (9th Cir.1979) (litigant should not suffer a penalty for assertion of fifth amendment privilege).

We rejected this argument in *Fifteen Thousand Five Hundred Dollars,* 558 F.2d at 1360–61. The appellant there invoked the fifth amendment when asked whether she owned the currency that the government wished to forfeit. We held that she had no standing to contest the forfeiture. *Id.* at 1361.

*Id.* at 518.

■ The case at bar presents a similar scenario. Defendants have failed to prove their interest in the property to be forfeited as required by section 809.9. We hold that in this civil proceeding various claims by defendants of violation of their constitutional rights are moot in the face of their failure to have standing to contest the forfeiture. The district court's order on forfeiture is affirmed.

AFFIRMED.