**UNITED STATES of America, Plaintiff,**

v.

**$24,000 IN U.S. CURRENCY, Defendant,**

**James A. Hamilton, Claimant.**

**No. EC87–359–B–D.**

United States District Court,
N.D. Mississippi, E.D.

Oct. 5, 1989.

Jim Greenlee, Asst. U.S. Atty., Oxford, Miss., for plaintiff.

Jim Waide, Tupelo, Miss., for defendant.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This cause was taken under advisement following a bench trial. The court has duly considered oral argument, testimony, exhibits, and the parties' post-trial memoranda and is ready to render a decision in accordance with Rule 52 of the Federal Rules of Civil Procedure.

## I. Introduction

The government brought this civil forfeiture action pursuant to 21 U.S.C. § 881(a)(6) alleging that the defendant money is proceeds or exchange money from or for illegal transactions involving controlled substances. 21 U.S.C. § 881(a)(6) reads in pertinent part:

(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

. . . .

(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter. . . .

The defendant money was seized on September 2, 1986 by state law enforcement officers. The federal government adopted the seizure, filed an administrative notice of forfeiture on May 15, 1987, and instituted this action on November 30, 1987. On October 30, 1987, claimant James Hamilton was convicted in state court of possession of marijuana greater than one kilogram with intent to distribute.

## II. Facts

On September 2, 1986, a confidential informant reported to David Gillespie, a Clay County deputy sheriff, that he witnessed a cocaine sale conducted by the claimant at his residence in Oktibbeha County, Mississippi within the past twenty-four hours. The claimant's property includes a two-story building and a one-story building, with white exteriors and maroon trim, located on a single lot. Gillespie and Officer Steve Westbrook drove to the lot in order to ascertain the location and the layout of the premises. The closest and most prominent building seen from the road is the two-story dwelling with a basketball court in front. The claimant resided in the one-story dwelling located to the immediate left and to the back of the two-story building, as viewed from the road. Gillespie believed that the buildings were part of a single dwelling where the claimant resided.

Based upon an affidavit and statement of the informant's observation presented by Gillespie and Westbrook, the Justice Court Judge of Oktibbeha County, Mississippi issued a search warrant describing the two-story dwelling "together with all approaches and appurtenances thereto." The search warrant further states that "the place described above is occupied and controlled by James Hamilton." On September 2, 1986, Sheriff Dolph Bryan and other officers searched both dwellings and most of the automobiles on the claimant's lot. Sheriff Bryan and Officer Charlie McVay testified that they intended to search the claimant's residence. At the time of the search, the two-story building was unoccupied and the second floor, according to Sheriff Bryan, was under construction. The search of the one-story building resulted in the seizure of the following items:

(1) a wooden box containing one bag of marijuana weighing 67 grams;

(2) a triple beam scale;

(3) drug paraphernalia;

(4) a brown suitcase containing eighteen cellophane-wrapped packages containing approximately a pound of marijuana per package; and

(5) $24,000, segregated into twenty-four envelopes containing $1,000 each, stuffed into two Crown Royal bags.

The officers found the defendant money and the suitcase containing marijuana in

the cinder block foundation under the one-story building. In order to get to the marijuana and money, the officers had to crawl through a small opening in the foundation and crawl under the house to the cinder blocks constituting part of the foundation in which the items were put by someone. By whom, we know not. Several pistols were also seized during the search.

### III. Burden of Proof

■ The government has the burden to prove probable cause for the institution of this forfeiture action. 19 U.S.C. § 1615; 21 U.S.C. § 881(d). However, some courts, including the Fifth Circuit, have held that the claimant has the initial burden of proving that he has standing to contest the government's forfeiture. *United States v. $38,000*, 816 F.2d 1538, 1543–44 n. 12 (11th Cir.1987) (the government does not bear the initial burden of proving probable cause "unless the claimant makes a valid claim that he has a legally cognizable interest in the property that will be injured if the property is forfeited to the government"); *United States v. One 18th Century Colombian Monstrance*, 802 F.2d 837, 838 (5th Cir.1986) (claimant "must show at least a facially colorable claim to an ownership interest" to establish a case or controversy in the constitutional sense), *cert. denied sub nom. Newton v. United States*, 481 U.S. 1014, 107 S.Ct. 1889, 95 L.Ed.2d 496 (1987). If the court finds that the claimant has standing to contest the forfeiture, then the burden of proof shifts to the government to show

> probable cause for belief that a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute; i.e., the exchange of a controlled substance.

*United States v. $38,600*, 784 F.2d 694, 697 (5th Cir.1986). If the court finds probable cause, the burden shifts to the claimant to present any affirmative defenses to the forfeiture or rebut the government's evidence and show that the seized currency was not used to facilitate a narcotics transaction. *United States v. $364,960*, 661 F.2d 319, 325 (5th Cir.1981).

### IV. Standing

■ In its post-trial memoranda, the government contends that the claimant failed to establish at trial any interest in the defendant currency and lacks standing to contest the forfeiture. The claimant argues that standing was never raised in this action and that it is not listed as an issue in the pretrial order. The Fifth Circuit has held:

> Standing ... is literally a threshold question for entry into a federal court, limiting the exercise of its jurisdiction, and the court must consider the standing of any party even if the issue has not been raised by the parties to the action.

*United States v. One 18th Century Colombian Monstrance*, 797 F.2d 1370, 1374, *reh'g denied*, 802 F.2d 837 (5th Cir.1986). The claimant had the burden to "first demonstrate an interest in the [defendant currency] sufficient to satisfy the court of [his] standing to contest the forfeiture." *United States v. $364,960*, 661 F.2d at 326.

21 U.S.C. § 881(a)(6) provides that the interest of an innocent owner is not subject to forfeiture:

> [N]o property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

Accordingly, only owners have standing to contest a 21 U.S.C. § 881(a)(6) forfeiture. *United States v. One Parcel of Real Property*, 831 F.2d 566, 567, 568 (5th Cir.1987) (legislative history construes the term owner as "any person with a recognizable legal or equitable interest in the property seized"). Ownership or a possessory interest with characteristics of dominion and control are sufficient to establish standing. *United States v. $38,000*, 816 F.2d at 1544; *United States v. $30,800*, 555 F.Supp. 280, 283 (E.D.N.Y.), *aff'd*, 742 F.2d 1444 (2d Cir.1983).

■ It is undisputed that the claimant owns the real property from which the defendant currency was seized. However, the claimant did not testify and admittedly did not submit any evidence of an interest

in the seized money. Mere ownership of the premises or area in which the money was found is insufficient to confer standing. *United States v. $30,800*, 555 F.Supp. at 284 (possession of an apartment does not constitute ownership or possession of the currency therein); *United States v. $15,500*, 558 F.2d 1359 at 1360–61 (9th Cir.1977) (possessory interest in a safety deposit box is not "tantamount to a sufficient claim of interest in the currency seized therefrom"). Even if the claimant is deemed to have had possession of the currency at the time of the seizure, any presumption of entitlement[1] is overcome by the government's evidence, the claimant's failure to offer any proof, and his assertion in an interrogatory answer of only a one-fifth interest in the currency. Sheriff Bryan and Officers McVay and Westbrook testified that their investigations of the claimant did not disclose any history of gainful activity that would generate any income in the amount of money to be forfeited. The court finds that the claimant failed to prove any interest sufficient to establish standing and thus may not contest the forfeiture of the defendant money.

## V. Probable Cause

■ Even if the claimant had a valid interest in the defendant currency, he introduced no evidence of any work history or employment to establish that the $24,000.00 is proceeds from a lawful activity. *See United States v. $364,960*, 661 F.2d at 327 n. 20 (citing *United States v. $11,580*, 454 F.Supp. 376, 381 (M.D.Fla.1978) (no explanation how an itinerant unemployed waiter acquired the sizable sum to be forfeited)). The probable cause standard in a forfeiture action is whether there is a

> reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion.

*United States v. $38,600*, 784 F.2d 694, 697 (5th Cir.1986). The Eleventh Circuit held that in proving probable cause

> [t]he government need not trace the cash to specific transactions, or actually prove by a preponderance of evidence a substantial connection to drug dealing.

*United States v. $41,305*, 802 F.2d 1339, 1343 (11th Cir.1986). Probable cause may be based wholly upon circumstantial evidence. *Id.*

■ The storage of the unexplained $24,000.00 in close proximity to a suitcase of eighteen pounds of marijuana in the cinder block foundation of the claimant's house indicates that the money seized is drug-related. The packaging of twenty-four envelopes containing $1,000.00 each stuffed into two Crown Royal bags is the type of packaging known to be used by drug dealers for proceeds of drug sales. The contemporaneous seizure of an additional quantity of marijuana, drug paraphernalia, weapons, and a scale commonly used to weigh drugs gives rise to a reasonable belief that a substantial connection exists between the seized money and illegal narcotics transactions. In consideration of the items seized and the claimant's conviction, the court finds that the government established probable cause to believe that the defendant currency was used, or intended to be used, in exchange for a controlled substance, and therefore is forfeitable.

## VI. Affirmative Defenses

Assuming arguendo that the claimant has established standing to contest the forfeiture, his affirmative defenses of an unlawful search and unreasonable delay have no merit. The claimant argues that the search was not limited to the specific place described in the warrant, the two-story building, in violation of the fourth amendment. The United States Supreme Court has held that

---

1. In a motion for the return of money seized for use in a criminal prosecution, possession of the money gives rise to a rebuttable presumption of entitlement. *United States v. Wright*, 610 F.2d 930, 939 (D.C.Cir.1979) (a claimant need not produce additional evidence of ownership un-

less serious doubts are raised by the government or an adverse claimant). *See United States v. $364,960*, 661 F.2d at 327 n. 19 (noting the distinction between *Wright* and a forfeiture action).

the scope of a lawful search is "defined by the object of the search and the places in which there is probable cause to believe that it may be found." *Maryland v. Garrison*, 480 U.S. 79, 84, 107 S.Ct. 1013, 1017, 94 L.Ed.2d 72, 81 (1987) (quoting *United States v. Ross*, 456 U.S. 798, 824, 102 S.Ct. 2157, 2172, 72 L.Ed.2d 572, 593 (1982)). Since there was probable cause to believe that the object of the search, illegal drugs, would be found in the claimant's residence, exclusion of the claimant's one-story dwelling from the scope of the authorized search would be inconsistent with the intended purpose of the search. *See United States v. Prout*, 526 F.2d 380, 387–88 (5th Cir.), *reh'g denied*, 529 F.2d 999, *cert. denied*, 429 U.S. 840, 97 S.Ct. 114, 50 L.Ed.2d 109 (1976) (adjacent separate apartment not specifically described in warrant was properly searched in light of the physical layout of the premises and use by the defendants); *United States v. Judd*, 687 F.Supp. 1052, 1057–59 (N.D.Miss.1988) (warrant specifically designating a particular office suite authorized the search of a separate office since the misdescription reflected a misunderstanding of the building's floor plan).

 The claimant complains of the fifteen-month delay between the seizure and the institution of this action. The federal government adopted the case from the state government and filed an administrative notice of forfeiture approximately eight and one-half months after the seizure and filed this action six and one-half months later. The forfeiture hearing was held one year after the commencement of this action. Since the court should consider only the delay on the part of the federal government, it is unnecessary to rule on the claimant's objection to Mississippi Bureau of Narcotics staff attorney Kay Cobb's testimony regarding the initial delay in state court. The claimant neither alleged nor proved any prejudice to his ability to defend against the forfeiture. Therefore, the court finds that even in the event the claimant had standing, the federal government's delay was not unreasonable and did not deny the claimant due process. *See United States v. $8,850*, 461 U.S. 555, 569, 103 S.Ct. 2005, 2014, 76 L.Ed.2d 143, 155 (1983) (eighteen-month delay between seizure and filing of forfeiture action was not unreasonable); *United States v. $11,580*, 454 F.Supp. at 381–82 (fact that forfeiture action was filed approximately eleven and one-half months after seizure "lends no support to the claim of prejudice").

### Conclusion

For the foregoing reasons, the defendant money should be forfeited to the federal government.

An order will issue accordingly.