**UNITED STATES of America, Plaintiff,**

v.

**ONE 1987 VOLKSWAGEN JETTA, et al., Defendants.**

No. 89–0777–CV–W–9.

United States District Court,
W.D. Missouri, W.D.

Jan. 7, 1991.

Frances E. Reddis, U.S. Attorney's Office, Kansas City, Mo., for U.S.

Marilyn S. Gussman, Law Offices of Thomas J. Cox, Elizabeth A. Wright, Kansas City, Mo., for General Motors Acceptance Corp.

Bruce C. Houdek, James, Millert, Houdek, Tyrl & Sommers, Kansas City, Mo., for Steven C. Flanagan.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART CLAIMANT'S MOTION FOR SUMMARY JUDGMENT

BARTLETT, District Judge.

### I. *Background*

On August 15, 1989, the United States brought this action for forfeiture *in rem* pursuant to 21 U.S.C. § 881(a)(6) which provides, in part, that:

(a) The following shall be subject to forfeiture to the United States and no property rights shall exist in them:

.  .  .  .  .

(6) All monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments and securities used or intended to be used to facilitate any violation of this subchapter....

The action was directed, in part, against "Assorted Electronic and Computer equipment seized from 1217 East Armour, Kansas City, Missouri, and 4448 South Troost, Kansas City, Missouri, identified in Exhibit C attached hereto and incorporated herein by reference." Squire Park General Contractors' offices had been operated by Abdul Nur Shakur at 4448 Troost, Kansas City, Missouri. On May 31, 1989, Shakur was found guilty of various violations of Chapter 13, Title 21, United States Code.

On October 2, 1989, Steven C. Flanagan claimed that he was "the lawful owner of items numbered 44, 45, 46 and 52 listed on Exhibit C to plaintiff's Complaint" and that these items are not subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6). These items are described in Exhibit C as follows: "44. IBM Personal Computer with Hard Drive, Serial # 0348092. 45. IBM 10" Monitor, Serial # 0044438. 46. IBM Keyboard. 52. Okidata Printer, Serial # 79741." Flanagan

also claimed that he was the owner of property unlawfully seized by the United States which was not referred to in plaintiff's Complaint but no dispute remains regarding this property.

On May 16, 1990, plaintiff moved to dismiss the claim of Steven Flanagan for lack of standing. Because plaintiff attaches material outside the pleadings to this motion, it will be treated, pursuant to Rule 12(b), Federal Rules of Civil Procedure, as a Motion for Summary Judgment under Rule 56. Plaintiff argues that Flanagan has no standing to bring his claim because he has an insufficient ownership interest in the property in question. The United States also states that:

> If the Court determines that Flanagan is the true owner of the disputed items, then plaintiff concedes it does not have sufficient evidence to prove that Flanagan obtained the property in exchange for controlled substances or intended to furnish it in exchange for controlled substances, or that the property is a proceed traceable to such an exchange. Consequently, if the court finds that Flanagan is the owner of the property, the United States should return the property to Flanagan.

On September 4, 1990, Flanagan opposed plaintiff's Motion to Dismiss and filed his Cross–Motion for Summary Judgment. Flanagan argues

> that the Government's Motion to Dismiss is premature as no evidence has been presented or received in the case and that summary judgment should be entered in favor of claimant Steven C. Flanagan based upon his sworn testimony before the Grand Jury, the Report of Interview of Steven C. Flanagan by Assistant United States Attorney Linda Parker, IRS Special Agent Ken Wissel and Kansas City Police Detective Sean Mulcahy and documentary evidence supplied by claimant Flanagan.

The plaintiff and claimant subsequently stipulated

> that the Court may rule on the parties' motions currently pending before the court based on the evidence submitted by

both parties as of this date which includes:

> 1. Railway Mail Credit Union Application dated 11/17/86 (attached to Government Motion to Dismiss);
>
> 2. UCC Financing Statement in favor of Railway Mail Credit Union dated 12/1/86 (attached to Government Motion to Dismiss);
>
> 3. Report of Interview of Steven C. Flanagan by Assistant United States Attorney Linda Parker, IRS Special Agent Ken Wissel and Detective Sean Mulcahy dated 10/5/88 (attached as Exhibit A to Claimant's Suggestions filed 9/4/90);
>
> 4. Grand Jury Testimony of Steven Flanagan of October 17, 1988 (filed by the United States on October 11, 1990);
>
> 5. Midwest Typewriter and Computer Company shipping order dated November 12, 1986, for the word printer and two IBM printer heads (attached to Government Motion to Dismiss); and
>
> 6. Two sales slips from JBI Computer Center, 4511 East Bannister Road, Kansas City, Missouri, for items of software and Racal Vadic equipment (attached to Government Motion to Dismiss).

The parties waived any right to present additional evidence at a trial or hearing and agreed that the court could "decide the matter based solely upon the above itemized documents and evidence."

## II. *Standard for Summary Judgment*

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, it is the court's obligation to view the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S. H. Kress & Co.*, 398

U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Inland Oil and Transport Co. v. United States,* 600 F.2d 725, 727–28 (8th Cir.), *cert. denied,* 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979).

If there is no genuine issue about any material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency. *Roberts v. Browning,* 610 F.2d 528, 531 (8th Cir.1979); *United States v. Porter,* 581 F.2d 698, 703 (8th Cir.1978). The summary judgment procedure is not a "disfavored procedural shortcut." Rather, it is "an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986); *see also City of Mt. Pleasant v. Associated Electric Cooperative, Inc.,* 838 F.2d 268, 273 (8th Cir.1988). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish that there is a genuine issue for trial about an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex,* 106 S.Ct. at 2553.

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the *absence* of genuine issues of material fact. However, the moving party *is not required* to support its motion with affidavits or other similar materials *negating* the opponent's claim. *Id.* (emphasis added).

The nonmoving party is then required to go beyond the pleadings and by affidavits, depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Id.* A party opposing a properly supported motion for summary judgment cannot simply rest on allegations and denials in his pleading to get to a jury without any significant probative evidence tending to support the complaint. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The evidence favoring the nonmoving party must be more than "merely colorable." *Id.* at 2511. When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (footnote omitted).

The inquiry to be made mirrors the standard for a directed verdict: whether the evidence presented by the party with the onus of proof is sufficient that a jury could properly proceed to return a verdict for that party. *Id.* Essentially, the question in ruling on a motion for summary judgment and on a motion for directed verdict is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson,* 106 S.Ct. at 2512.

### III. *Flanagan's Claims*

The owner of property has standing to challenge a forfeiture. *United States v. One 1945 Douglas C–54 (DC–4) Aircraft, Serial Number 22186,* 604 F.2d 27, 28 (8th Cir.1979) (citations omitted). "Broadly speaking, ownership may be defined as having a possessory interest in the res, with its attendant characteristics of dominion and control." *Id.,* citing *United States v. Fifteen Thousand Five Hundred Dollars ($15,500) U.S. Currency,* 558 F.2d 1359 (9th Cir.1977).

The stipulated evidence supports a finding that, as a matter of law, Flanagan has standing to bring a claim for item 52, an Okidata printer, serial number 79741. In the October 5, 1988, interview, Flanagan stated that one item of his computer equipment was an Okidata 84 microline printer, model number 8232, serial number 79741. One item listed as security on Flanagan's Railway Mail Credit Union application dated November 17, 1986, was an Okidata 84 printer, model number 8232, serial number 79741.

The United States argues that Flanagan gave up his ownership interest in any computer equipment he might have owned at 4448 Troost when he left his equipment there after terminating his employment with Shakur in April or May of 1988. Flanagan offers the following grand jury testimony to support his contention that he did not give up his ownership interest in his computer equipment by leaving it at 4448 Troost after he had terminated his employment with Shakur.

Q. You said earlier that you had taken a computer there [to 4448 Troost], was that your computer?

A. Yes, it was an IBM computer, IBM P.C. with a printer.

Q. And that was your computer?

A. Yes, and then I purchased the software and an IBM letter-quality printer.

Q. When you quit working for Mr. Shakur in March or April of '88, did you take your computer equipment with you?

A. I attempted to take it but he was trying to get $400 or $500 out of me that he said he put some equipment in there that cost him $400 or $500, and I talked with my lawyer about it and we are going to proceed and take him to court on that.

Q. When the search warrant was done at the business there at 4448 Troost on September 21 of this year, was your equipment still there?

A. Yes, it was.

Q. And why hadn't you gotten it out of there yet?

A. Well, they kept on saying that they had put some type of hard disc drive I guess, that's what I find out in talking with the other people, that there was a hard disc drive on the system and that they had some other accounting software that they were using. When I came in there with the computer, I had the printer, like I mentioned, the IBM printer that—like I mentioned, and I'd up-graded the system up to 640 K.

Q. And Mr. Shakur had not allowed you to get it back yet?

A. No.

Plaintiff's October 11, 1990, Submission of Grand Jury testimony at pp. 43–44.

The United States has submitted no evidence that Flanagan ever transferred ownership of any of the contested items to Shakur. Flanagan's interview, sworn grand jury testimony and the Railway Mail Credit Union application establish that summary judgment should be granted in favor of Flanagan in regard to item 52, the Okidata printer.

The stipulated evidence does not support a finding that Flanagan has standing to bring a claim in regard to items 44, 45 and 46. The serial number on the IBM personal computer (item 44) is 0348092, and the serial number on the IBM 10" monitor (item 45) is 0044438. The serial number on the IBM personal computer listed as collateral in the Railway Mail Credit Union application and listed as property owned by Flanagan in his interview is AN095A5150. The serial number on the IBM monitor listed as collateral in the Railway Mail Credit Union application is AN09QN5151. The serial number on the IBM monitor listed as property owned by Flanagan in his interview is ANQ9QN5151. The IBM keyboard (item 46) is not listed in any of the stipulated evidence and is not mentioned in the sworn grand jury testimony. Therefore, Flanagan has not presented facts showing that there is a genuine issue for trial on whether he had an ownership interest in items 44, 45 and 46. Summary judgment will be granted in favor of plaintiff in regard to these three items.

## IV. Conclusion

Accordingly, it is hereby ORDERED that:

1) the United States' Motion for Summary Judgment regarding items 44, 45 and 46 as listed in Exhibit C to plaintiff's August 15, 1989, Complaint for Forfeiture *In Rem* is granted;

2) Steven C. Flanagan's Motion for Summary Judgment in regard to item 52 is granted and is denied as to Items 44, 45 and 46; and

3) the United States is ordered to return item 52 to Steven C. Flanagan.