**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
| --- | --- |
| UNITED STATES OF AMERICA, | No. 16-55559 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-00259-GW-E |
| v. | |
| HABIBOLLAH ELAHINEJAD, | MEMORANDUM[*] |
| Claimant-Appellant, | |
| and | |
| VARIOUS RESTAURANT FURNITURE AND GOODS OF IRANIAN ORIGIN, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted July 11, 2017[**]

Before: CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Habibollah Elahinejad appeals pro se from the district court's summary

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment in a civil forfeiture action under 21 U.S.C. §§ 1595a(c)(1)(A) and 1595a(c)(2)(B) for goods seized from a shipment from Dubai, United Arab Emirates. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *United States v. $133, 420.00 in U.S. Currency*, 672 F.3d 629, 637 (9th Cir. 2012). We affirm.

The district court properly granted summary judgment because Elahinejad failed to raise a genuine dispute of material fact as to whether he had a colorable interest in the property. *See id.* at 638 ("[I]n a civil forfeiture action, a claimant's bare assertion of an ownership or possessory interest, in the absence of some other evidence, is not enough to survive a motion for summary judgment.").

We reject as unsupported by the record Elahinejad's contention that the district court did not consider his evidence submitted in opposition to summary judgment.

Because we affirm summary judgment, we do not reach Elahinejad's other contentions on appeal. *See United States v. $15,500 in U.S. Currency*, 558 F.2d 1359, 1361 (9th Cir. 1977) (when a claimant fails to establish the threshold requirement of standing, the claimant's challenges to the merits of the forfeiture action cannot be reached).

**AFFIRMED.**

16-55559