802 F.2d 837
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE 18TH CENTURY COLOMBIAN MONSTRANCE Known as the Keeper of
the Host of Santa Clara 11.3 Troy Pounds of Gold
with Approximately 1,500 Precious and
Semi-Precious Stones and
Pearls, Defendant,
James W. Newton, Claimant-Appellant.
 No. 85-2643.
 United States Court of Appeals,
Fifth Circuit.
 Oct. 22, 1986.
 
 Seagal V. Wheatley, Oppenheimer, Rosenberg, Kelleher & Wheatley, Leo O. Bacher, Jr., San Antonio, Tex., for claimant-appellant.
 James F. Fitzpatrick, Arnold & Porter, Edward L. Wolf, Washington, D.C., for amicus-Amer. Ass'n of Dealers in Ancient, Oriental and Primitive Art.
 Pamela Ann Mathy, Asst. U.S. Atty., Helen M. Eversberg, U.S. Atty., John F. Paniszczyn, Asst. U.S. Atty., San Antonio, Tex., for USA.
 Robert E. Goodfriend, Dallas, Tex., William T. McCue, New York City, A. Lauren Carpenter, Donald R. Taylor, San Antonio, Tex., for Republic of Columbia.
 Appeal from the United States District Court for the Western District of Texas.
 Before RUBIN, POLITZ, and JOHNSON, Circuit Judges.
 ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC
 (Opinion August 27, 1986, 5 Cir., 797 F.2d 1370)
 PER CURIAM:
 
 
 1
 In Newton's petition for rehearing, he takes the position that he is entitled to require, or that the district court must sua sponte require, the Government to demonstrate probable cause for the forfeiture before examining his standing to raise that question. This puts the cart before the horse. In order to contest the forfeiture of the Monstrance to the United States under 18 U.S.C. Sec. 545, Newton must first establish that he has standing. There is no case or controversy, in the constitutional sense, absent a dispute between parties who have a real interest in its resolution.[1] Even assuming, as the panel did, that Newton made his contract concerning the Monstrance innocently and in complete good faith, to establish standing. Newton must show at least a facially colorable claim to an ownership interest in the work.
 
 
 2
 Newton continues to insist that he possesses either a legal or an equitable ownership interest in the Monstrance or some sort of right arising out of physical possession that accords him standing. As we held in our previous decision, however, Newton has been unable to establish a facially colorable ownership interest of either a legal or equitable nature, and mere physical possession is not sufficient to confer standing to contest forfeiture. Any presumption of ownership he enjoyed due to the fact that the Monstrance was seized from his possession was overcome by the clear meaning of the contracts he and Uhart signed. Newton's own representations about his dealings with Uhart and his efforts to locate a buyer, and the evidence and explanation proffered by the Government as the basis of its decision to seize the work. The face of the relevant legal documents and the versions of the facts offered by every interested party show that Newton was acting solely as Uhart's broker. Only Newton's bald assertion of ownership, which is unaccompanied by factual allegations sufficient to raise serious question about the intent expressed on the face of the contracts, suggests otherwise. No reasonable person could conclude on the basis of the undisputed facts and Newton's representation of the disputed, objective facts that a sale of the Monstrance to Newton was consummated or intended. Finally, because we found that Newton did not possess even an equitable ownership interest in the Monstrance, we refrained in our earlier opinion, as we do now, from deciding whether such an interest would, if established, confer standing.
 
 
 3
 The Petition for Rehearing is DENIED, and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing En Banc is DENIED.
 
 
 
 [1]
 Allen v. Wright, 468 U.S. 737, 104 S.Ct. 3315, 3324-25, 82 L.Ed.2d 556 (1984); Schlesinger v. Reservists Committee To Stop the War, 418 U.S. 208, 226, 94 S.Ct. 2925, 2934-35, 41 L.Ed.2d 706 (1974); Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962)