**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 29 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ONE CASHIER'S CHECK IN THE
AMOUNT OF $312,227.95,

      Defendant,

HELEN BEST; ANGELA BUIE;
DEANNA COWAN; LINDA DEEDER;
SHARON DERBY; SHELLY
FERGUSON; MELINDA FIESELMAN;
SHELLY FLETCHALL; LINDA
FULLER; VERA GILBERT; JAYNE
HEARD; LORA KITCHENS; SANDRA
LARA; JENNIFER LYNCH; REBECCA
MCALISTER; PEBBLES NUGENT;
SHANNON O'BRIEN; MICHELLE
ODEN; RUTH PARKER; CINDY
PRIEN; JOANNE RAGLAND;
MICHAEL REYNOLDS; TAJ SNYDER;
MARVETTA WILLIAMS; TRUDY
WILLIAMSON; ARNA GRAVES;
KEELY ADKINS; MARCELLA
DENNISON,

      Claimants-Appellants.

No. 97-6433
(D.C. No. CIV-96-1987-L)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

_____

Submitted on the Briefs.[**]

_____

Before **EBEL**, Circuit Judge, **MURPHY**, Circuit Judge, and **McWILLIAMS**, Senior Circuit Judge.

_____

The United States filed a civil action *in rem* in the United States District Court for the Western District of Oklahoma to enforce the provisions of 18 U.S.C. § 545 for the forfeiture of a cashier's check in the amount of $312,227.95, which check represented the value of certain goods unlawfully smuggled into the United States, in violation of 18 U.S.C. § 545 and 21 U.S.C. § 331(a). In its Verified Complaint of Forfeiture, the United States alleged that the cashier's check in the amount of $312,227.95 represented the value of an adulterated medical device, i.e., silicone gel breast implants, smuggled into the United States by Dr. Joe Dan Metcalf, which sum was subject to forfeiture to the United States pursuant to 18 U.S.C. § 545. The named defendant in the forfeiture proceeding was "One Cashier's Check in the Amount of $312,227.95." Jurisdiction was based on 28

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3

[**]Both parties waived oral argument, and, after examining the briefs and appellate record, this panel has now determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument.

U.S.C. §§ 1345 and 1355.  By way of relief, the United States asked, *inter alia,* that notice be given all interested parties to appear and show cause why forfeiture should not be decreed.

Pursuant to Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, claimants filed a Claim of Interest in the forfeiture proceeding.  In that Claim of Interest, the claimants alleged that each had paid $2,600.00 to Dr. Metcalf for surgery, believing that they were receiving an FDA approved implant, whereas, in fact, Dr. Metcalf used the silicone gel breast implants that he had smuggled into the United States, which were "defective and unreasonably dangerous."  Each asserted that they were entitled to a refund of their $2,600.00.  Additionally, all alleged that they had suffered personal injuries as a result of their exposure to the illegal silicone gel breast implants and would incur "cost of explantation" of the implants to the end that all claimants "have been damaged in amounts exceeding $50,000.00 each . . . ."  The Claim of Interest concluded by stating that the "claimants have incurred damage far exceeding the amount forfeited" and that each has "a claim against the defendant property in the amount of $312,227.95."[1]

The United States filed a motion to dismiss the claims on the ground that none of the claimants had an "ownership interest" in the cashier's check sought to be forfeited

---

[1]The claimants also filed an answer in the forfeiture proceeding which paralled the language in their Claim of Interest.

and that accordingly all lacked standing to contest forfeiture of the check. By their response, the claimants argued that they did have an ownership interest in the cashier's check and had standing to contest the forfeiture. On this state of the record, the district court concluded that claimants did not have an ownership interest in the cashier's check and therefore lacked standing to contest the forfeiture. A judgment and order of forfeiture was then entered. Claimants appeal. We affirm. Some background.

In a fifteen-count indictment filed in the United States District Court for the Western District of Oklahoma, Dr. Joe Dan Metcalf was charged with various violations of 18 U.S.C. §§ 545, 1956 and 1957, and 21 U.S.C. § 331(a), and was charged specifically with illegally smuggling some 557 pairs of silicone gel breast implants into the United States from Brazil and the Bahamas in violation of federal statutes and regulations. In the indictment, the United States also asked that Dr. Metcalf forfeit all items of property involved in the smuggling operation and all property traceable thereto, including, but not limited to, $312,227.95 in United States currency.

Dr. Metcalf entered into a plea agreement with the United States whereby he pled guilty to one count of the indictment with the other counts to be dismissed. In that agreement, Dr. Metcalf admitted that he had, with an intent to mislead, illegally smuggled into the United States approximately 557 pairs of Class III medical devices, known as silicone gel breast implants. As a part of the plea agreement, Dr. Metcalf agreed to turn over to the United States any and all silicone gel breast implants smuggled in and still in

his possession, and also agreed to an administrative forfeiture of $312,227.95, to be paid by a cashier's check, representing breast implants smuggled into the United States by him but no longer in his possession.  At sentencing, Dr. Metcalf was sentenced to six months imprisonment, a one-year term of supervised release, a $5,000.00 fine, and, pursuant to the plea agreement, a cashier's check in the amount of $312,227.95 was turned over to the court.

The pertinent statute, 18 U.S.C. § 545, reads as follows:

### § 545.  Smuggling goods into the United States

Whoever knowingly and willfully, with intent to defraud the United States, smuggles, or clandestinely introduces or attempts to smuggle or clandestinely introduce into the United States any merchandise which should have been invoiced, or makes out or passes, or attempts to pass, through the customhouse any false, forged, or fraudulent invoice, or other document or paper; or

Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law–

Shall be fined under this title or imprisoned not more than five years, or both.

Proof of defendant's possession of such goods, unless explained to the satisfaction of the jury, shall be deemed evidence sufficient to authorize conviction for violation of this section.

Merchandise introduced into the United States in violation of this section, or the value thereof, to be recovered from any person described in the first or second paragraph of this section, shall be forfeited to the United States.

The term "United States", as used in this section, shall

> not include the Virgin Islands, American Samoa, Wake
> Island, Midway Islands, Kingman Reef, Johnston Island, or
> Guam. (Emphasis added.)

The underlined portion of the above cited statute is our starting point, and provides, in essence, that goods smuggled into the United States, "or the value thereof, to be recovered from any person described in either the first or second paragraph of the statute, shall be forfeited to the United States."

Claimants' position in this court, as we understand it, is that smuggled implants in the possession of Dr. Metcalf when arrested were, under 18 U.S.C. § 545, "clearly" subject to forfeiture. Also, in their brief at the top of page 5, it is asserted that, since some of the smuggled implants were implanted into various women, including the claimants, such implants were not "capable of forfeiture" and in connection therewith, they apparently concede that, under 18 U.S.C. § 545, the "value of . . . [those] implants was forfeited." Notwithstanding these concessions, claimants go on to assert that they still have standing to "assert a claim to the tendered funds," i.e., the cashier's check. We disagree. Such in our view would clearly be at odds with 18 U.S.C. § 545.

We are not here concerned, as such, with forfeiture cases arising out of violation of federal drug laws. 21 U.S.C. § 881(a)(6). The instant forfeiture arises out of the illegal introduction into the United States of unauthorized breast implants in violation of 18 U.S.C. § 545. The difference between a forfeiture under 21 U.S.C. § 881(a)(6) and one under 18 U.S.C. § 545 is set forth in *United States v. One 18th Century Colombian*

*Monstrance,* 797 F.2d 1370, 1376 (5th Cir. 1986), *cert. denied sub nom., Newton v. U. S.,* 481 U.S. 1014 (1987), which involved the unlawful importation into the United States of a work of art, i.e., a Monstrance.  In that case, the Fifth Circuit also held that in order to contest a forfeiture under 18 U.S.C. § 545, a would-be claimant, to have standing, must show at least a "facially colorable interest in the proceedings sufficient to satisfy the case-or-controversy requirement and 'prudential considerations defining and limiting the role of the courts'," *Id.* at 1374-7, citing *Warth v. Seldin,* 422 U.S. 490, 517-518 (1975), though the would-be claimant did not, at that point in time, have "to prove the merit of his underlying claim." *Id.* at 1375.  The court also noted that a claimant asserting standing to contest forfeiture of property "must establish that he has an ownership interest in the property subject to forfeiture." *Id.* The Fifth Circuit, in that case, further stated that a would-be claimant had to show standing "before demanding that the United States prove it had probable cause to seize the Monstrance." *Id.* at 1374.  This latter holding was emphatically confirmed upon petition for rehearing, when the en banc court stated that to hold otherwise would put the "cart before the horse." *United States v. One 18th Century Colombian Monstrance,* 802 F.2d 837, 838 (5th Cir. 1986).

Under the rationale of *Monstrance,* in order to have standing to contest a forfeiture action brought by the United States pursuant to 18 U.S.C. § 545, a claimant must have a "facially colorable ownership interest" in the property sought to be forfeited.  If a would-be claimant can demonstrate such an interest, he has standing.  If he cannot, or does not,

he lacks standing to thereafter participate as a party to the forfeiture proceeding. We agree with the district court that, on the showing made, these claimants lack standing. They do not have a facially colorable ownership interest in the cashier's check. Indeed, "ownership," as such, of the cashier's check in question is not even alleged in the claimants' Claim of Interest, only that they have "claims" against Dr. Metcalf and the cashier's check which he posted.[2] The claimants apparently do have claims against Dr. Metcalf, sounding, perhaps, in both contract and tort. In this regard, we are advised that at least some of the claimants have filed civil actions for damages against Dr. Metcalf in the state courts of Oklahoma, which actions were then pending. However, a civil claim against Dr. Metcalf cannot be transmogrified into an ownership interest in the cashier's check. A "claim" is not synonymous with "facially colorable ownership."

Judgment affirmed.

Entered for the Court,


Robert H. McWilliams
Senior Circuit Judge

---

[2]In *United States v. $38,570 U.S. Currency,* 950 F. 2d 1108, 1112 (5th Cir. 1992) (a drug case), the 5th Circuit held that "a bare assertion of ownership of the *res,* without more, is inadequate to prove an ownership interest sufficient to establish standing." In this same connection, the 5th Circuit in *Monstrance,* said that the "trial court, therefore, committed no error in requiring Newton [the would-be claimant] to produce proof of his ownership interest." *Monstrance*, 797 F.2d at 1375.